**Calvin L. WALDON, Appellant,**

v.

**The STATE OF IOWA, Appellee.**

**No. 17477.**

United States Court of Appeals Eighth Circuit.

Oct. 24, 1963.

Evan L. Hultman, Atty. Gen., Des Moines, Iowa, for appellee.

Before JOHNSEN, Chief Judge, and MATTHES, Circuit Judge.

PER CURIAM.

The District Court refused appellant leave to file a suit for a declaratory judgment in forma pauperis and thus in effect made denial of his complaint. Reversal is sought of the Court's order.

Appellant is an inmate of the Iowa State Penitentiary. He sought, by his declaratory judgment suit, to have it decreed that the State of Iowa had fraudulently deprived him of an appeal from his conviction and sentence and thereby violated his constitutional rights, and that he was in consequence entitled "to post-conviction judicial remedy in the form of criminal appeal".

■■ A state prisoner is not entitled to seek a declaratory determination from the federal courts under 28 U.S.C.A. § 2201 as to the validity of the judgment on which he is confined. If the restraint

in which he is held is constitutionally invalid, the federal courts have the power to release him therefrom in habeas corpus, after exhaustion by him of such state remedies as are available to him. He cannot resort to a federal declaratory judgment suit in an effort to escape having to exhaust available state remedies and to circumvent the intent manifested by Congress in 28 U.S.C.A. § 2254 that the state courts are to be given "the opportunity to pass upon and correct errors of federal law in the state prisoner's conviction", Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837.

Further, any declaratory decree that the judgment here involved was invalid, because appellant had improperly been deprived of an appeal, would be in fact a review of the judgment and in effect a revision of it, since its adjudicatory reach is against the judgment itself.

In the extreme sensitiveness of this area of federal-state relationship, there must be kept in mind what was emphasized in Fay v. Noia, supra, in its discussion of habeas corpus jurisdiction, that the power which it was intended a federal district court should have in respect to state prisoners was that of acting as to the restraint involved and not of dealing with the judgment existing. "Indeed, it [federal district court] has no other power; it cannot revise the state court judgment; it can only act on the body of the petitioner". 372 U.S. at 431, 83 S.Ct. at 844, 9 L.Ed.2d 837.

This power, so exercised, is an adequate remedy for any federal constitutional violation existing in the confinement or restraint of a state prisoner. Thus, there is no need to construe the federal declaratory judgment statute, 28 U.S.C.A. §§ 2201 and 2202, as opening up a remedy of different and conflicting concept in this sensitive area. Nor in this situation can we see any basis to hold that the statute is entitled to be used for such inharmonious purpose and inconsistent policy.

Insofar, therefore, as appellant has any basis to claim that his restraint is void for constitutional violation, the only remedy open to him in the federal district court is habeas corpus, after he has exhausted his available state remedies.

Appeal dismissed as frivolous.