**Joshua HILL, Frederick Saterfield, Robert Page Anderson, and all other persons similarly situated, Petitioners,**

**v.**

**Louis E. NELSON, Warden, San Quentin Prison, Respondent.**

**No. 47318.**

United States District Court
N. D. California.

July 5, 1967.

Thomas C. Lynch, Atty. Gen. of California, Albert Harris, Robert Grannucci, Deputy Attys. Gen., for defendants.

Jerome B. Falk, Jr., E. Roy Eisenhardt, Harry J. Kraemer, San Francisco, Cal., Clinton White, Oakland, Cal., Richard Bancroft, Garfield Stewart, Chairman, Legal Redress Committee, N.A.A.C.P., Center City Branch, San Francisco, Cal., Jack Greenberg, Leroy D. Clark, Charles S. Ralston, N.A.A.C.P., Legal Defense & Educational Fund, Inc., New York City, Anthony G. Amsterdam, Philadelphia, Pa., for plaintiffs. Nathaniel Colley, Western Regional Counsel, N.A.A.C.P., Sacramento, Cal., Gary D. Berger, San Francisco, Cal., of counsel.

## MEMORANDUM AND ORDER

PECKHAM, District Judge.

Joshua Hill, Frederick Saterfield, and Robert Page Anderson, the named petitioners, seek for themselves and all other persons similarly situated a writ of habeas corpus and injunctive and declaratory relief. Jurisdiction is based upon 28 U.S.C. §§ 2241(c) (3), 1343, 2201, and 2202 and 42 U.S.C. § 1983.

### IDENTITY AND STATUS OF PETITIONERS AND MEMBERS OF THE PURPORTED CLASS.

The petitioners and the class on behalf of whom they are attempting to sue are described in their petition as persons "who are presently under sentences of death imposed by the State of California or who have been convicted of capital crime and are hence subject to the death penalty under the laws of the State of California". At the request of this Court, the Attorney General of California filed in this proceeding on June 30, 1967, a document entitled "Execution Data" as of June 29, 1967, and prepared by the Respondent, L. E. Nelson, Warden

of San Quentin Prison. This document shows the status of condemned persons detained by Respondent to be as follows: Category (A) consists of those persons whose date of death is set and no stay has been issued:

| Number | Name | Execution Date | County | Date Received |
|--------|------|----------------|--------|---------------|
| A74754C | ARGUELLO, Edward Louis | July 11, 1967 | San Diego | 5/9/66 |
| B1003 | TAHL, William Albert | July 13, 1967 | San Diego | 2/25/66 |
| A85506 | SMITH, Leaman, Russell | July 18, 1967 | Los Angeles | 8/12/64 |
| B1462 | SATERFIELD, Frederick | July 20, 1967 | Orange | 3/24/66 |
| A91422 | TALBOT, Dorman Fred, Jr. | Aug. 1, 1967 | Santa Barbara | 7/27/65 |
| A86801 | HINES, Walter Clayton | Aug. 8, 1967 | Los Angeles | 11/13/64 |
| A44020D | REEVES, Edmund Earl | Aug. 8, 1967 | Kern | 7/1/65 |
| A89495 | HILL, Joshua Nicholas | Aug. 29, 1967 | Los Angeles | 4/15/65 |
| A89496 | SAUNDERS, James William | Aug. 29, 1967 | Los Angeles | 4/15/65 |

Category (B) consists of those persons whose date of death has been stayed:

| Number | Name | Execution Date | County | Date Received |
|--------|------|----------------|--------|---------------|
| A2371C | GILBERT, Jesse James | Stay of Exec. | Los Angeles | 10/6/64 |
| A84403 | MATHIS, Dovie Carl | " " | Santa Clara | 5/29/64 |
| A90094 | LA VERGNE, Paul Eugene | " " | San Diego | 5/17/65 |
| A27444D | SANCHEZ, Armando | " " | Marin | 1/3/66 |
| A31045B | ROBERTS, Daniel Allen | " " | San Francisco | 12/15/65 |
| A91287 | ANDERSON, Robert Page | " " | San Diego | 7/20/65 |
| A32262B | HILLERY, Booker T., Jr. | " " | Kings | 11/30/65 |
| A90830 | ELI, Nathan Elmont | " " | San Diego | 6/25/65 |
| A62634B | SEITERLE, David Jacob | " " | Riverside | 4/16/65 |

Category (C) consists of those persons whose automatic state appeals are pending and whose judgments of death are stayed by statute:

| Number | Name | Execution Date | County | Date Received |
|--------|------|----------------|--------|---------------|
| A43770B | SMITH, Jimmy Lee | On Appeal | Los Angeles | 11/14/64 |
| A57622A | POWELL, Gregory Ulas | " | Los Angeles | 11/14/64 |
| A76006B | MORSE, Joseph Bernard | " | Orange | 11/27/64 |
| A23208B | JACKSON, Lawrence Akin | " | Riverside | 12/30/64 |
| A87986 | QUICKE, Carl Alfred | " | Orange | 1/26/65 |
| A90159 | MASSIE, Robert Lee | " | Los Angeles | 5/18/65 |
| A62770B | TERRY, Doyle Alva | " | Los Angeles | 8/25/65 |
| A92854 | SCHADER, Harry W. | " | Sacramento | 10/15/65 |
| A93416 | LARA, Tony Montoya | " | Los Angeles | 11/16/65 |
| B438A | TERRY, Harold Roger | " | Alameda | 1/26/66 |
| A61663B | WINHOVEN, Willard Arthur | " | Los Angeles | 3/10/66 |
| A32914C | MODESTO, Lawrence Glenn | " | Riverside | 3/30/66 |
| B1738 | AIKENS, Earnest James, Jr. | " | Ventura | 4/8/66 |
| B1905 | WILLIAMS, Oliver Stanley | " | Los Angeles | 4/18/66 |
| B2907 | McDOWELL, Clarence Lee | " | Santa Clara | 6/10/66 |
| A37784A | OSUNA, Mark | " | Marin | 6/28/66 |
| A11143A | GORMAN, Jack R. | " | Marin | 7/5/66 |
| B3598 | ANDERSON, Robert Arthur | " | Santa Clara | 7/21/66 |
| A10668B | RISENHOOVER, Herman Yvonne | " | Fresno | 8/19/66 |
| B4338 | KETCHEL, Donald Floyd | " | Los Angeles | 8/31/66 |
| B4427 | COOGLER, Charles Robert | " | Los Angeles | 9/7/66 |
| B4862 | DANIELS, Gene | " | Los Angeles | 10/6/66 |
| B4863 | SIMMONS, Archie | " | Los Angeles | 10/6/66 |

| Number | Name | Execution Date | County | Date Received |
|---|---|---|---|---|
| A66742A | TOLBERT, Gus | " | Los Angeles | 10/10/66 |
| B5532 | WHITE, Ronald Wayne | " | Los Angeles | 11/15/66 |
| B5577 | SEARS, Earl Clarence | " | Santa Clara | 11/17/66 |
| A57448A | ROBLES, Anthony Jose | " | Los Angeles | 11/28/66 |
| B5936 | STANWORTH, Dennis | " | Contra Costa | 12/7/66 |
| B6421 | BAKER, Larry Andrew | " | San Diego | 1/5/67 |
| 6422 | BRAWLEY, Kenneth Lloyd | " | San Diego | 1/5/67 |
| B7413 | BASSETT, Fred Kipp | " | Los Angeles | 2/28/67 |
| B7539 | SHEPARD, Ernest III | " | Los Angeles | 3/6/67 |
| A79715A | NYE, Robert Lee | " | Los Angeles | 4/12/67 |
| B8608 | HILL, Robert Douglas | " | Los Angeles | 5/1/67 |
| B8609 | ROBINSON, Edgar Leonard | " | Los Angeles | 5/1/67 |
| B8650 | GOODRIDGE, Jerry Lee | " | Los Angeles | 5/4/67 |
| A73929A | BEIVELMAN, Gerald Albert | " | Sacramento | 6/23/67 |

Category (D) consists of those persons whose judgments have been reversed in whole or in part and who are awaiting new trials:

| NEW TRIALS PENDING: | | Date of Opinion | | |
|---|---|---|---|---|
| B288 | GONZALES, Joe | 4–26–67 | Ventura | 1/18/66 |
| A89912 | WILSON, Rufus | 5–25–67 | Los Angeles | 5/7/65 |

NEW PENALTY TRIALS PENDING:

| B2449 | VARNUM, Thomas Lamas | 5–31–67 | Los Angeles | 5/13/66 |
|---|---|---|---|---|

---

## NATURE OF RELIEF SOUGHT

A three-pronged attack is launched by petitioners for themselves and their purported class in this action. First, it is a proceeding for habeas corpus to relieve them from their present convictions and sentences of death on the grounds that those convictions and sentences violate the due process and equal protection clauses of the Fourteenth Amendment. Second, it is an action for injunctive relief to stay and restrain the execution of sentences of death imposed on petitioners and members of their purported class and to require that they be furnished by the State full and adequate counsel. Third, it is an action for declaratory relief declaring that their convictions and sentences of death are unconstitutional and in violation of their rights under the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. During the pendency of this action petitioners seek an order of stay or a restraining order against the execution of all persons for whom relief is sought.

## FOUR GROUNDS UPON WHICH ACTION IS BASED

Petitioners present four basic grounds in support of the relief requested of this Court. First, many of the petitioners and those for whom they sue are claimed to have been denied the right to counsel guaranteed to them by the equal protection and due process clauses of the United States Constitution as well as by the Sixth Amendment during the period when post conviction remedies may be available between termination of their State appeals and their execution by the State. Second, the exclusion of prospective jurors who entertain conscientious scruples against the death penalty for cause from service on the jury or juries that determine the guilt, sanity, and pen-

alty issues violates the due process and equal protection clauses. Third, in reaching its decision whether to impose death as the penalty, a California jury proceeds without guides or standards of any kind and therefore California Penal Code §§ 190 and 190.1 violate the due process and equal protection clauses of the United States Constitution. Fourth, a sentence of death, pursuant to provisions of California Law, constitutes a cruel and unusual punishment in violation of the Eighth Amendment and the due process clause of the Fourteenth Amendment because (a) the lack of standards to guide juries and judges in imposing a death sentence renders such sentence violative of the prohibition against cruel and unusual punishment and (b) the failure of California to provide an adequate procedure to determine whether the death penalty is justifiable in any particular case renders the imposition of the death penalty in any case a cruel and unusual punishment in violation of the Fourteenth Amendment.

## ORDER TO FILE AMENDED PETITION, WRITTEN BRIEFS, AND MOTIONS, AND SETTING FOR HEARING.

▮ Initially, this Court must turn to the procedural problems presented by the action. First, we must examine the allegations of the petition in light of the exhaustion of state remedies doctrine.

Section 2254 of Title 28 U.S.C. provides in relevant part:

(b) An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

(c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

Paragraph 4 on page 2 of the petition sets forth the procedural history of each named petitioner and alleges the unsuccessful termination of his appeal to the California Supreme Court. There are no allegations that any of the grounds of this petition were addressed to the Supreme Court on appeal nor are there any allegations that these grounds were urged in any State collateral proceedings. Paragraph 12 on page 11 of the petition does contain the conclusionary assertion that "petitioners and the members of their class have exhausted all State remedies available to them within the meaning of 28 U.S.C. Section 2254". The Court cannot determine from these allegations that the State court has had an opportunity to pass upon these grounds or any of them or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the petitioners and their class members. Because of the insufficiency of this allegation, this Court will follow the procedure suggested under such circumstances see Pembrook v. Wilson, 370 F.2d 37 (9th Cir. 1966); Rivera v. United States, 318 F.2d 606 (9th Cir. 1963); Sanders v. United States, 373 U.S. 1, 19, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), and order that petitioners file on or before July 17, 1967, an amended petition setting forth in this regard the pertinent information with specificity in accordance with Local Rule 28 of the United States District Court for the Northern District of California or else the petition for Writ of Habeas Corpus will be denied.

▮ Secondly, the Court is concerned with the serious and novel procedural problems presented by this application. Counsel for both sides have indicated that they had insufficient time to brief fully their positions. The Court's own exploratory research undertaken in the

interim indicates that much ground went uncovered at the last hearing. Accordingly, the Court orders that on or before July 17, 1967, petitioners file and serve upon the Attorney General its memorandum setting forth their arguments in respect to the inherent procedural problems, that the respondent file and serve his memorandum on or before July 28, 1967, and that petitioners may file and serve a reply memorandum on or before August 2, 1967. A hearing is ordered held on August 3, 1967, at 10:00 a. m. in Courtroom No. 10, United States Courthouse, San Francisco. Respondent is not required to produce any of the petitioners or their class at this hearing.

Any motions addressed by respondents to the injunctive and declaratory claims for relief should be filed on or before July 27, 1967, together with supporting papers, and noticed for the hearing on August 3rd. Petitioners may file any opposition memorandum to such motions on or before August 2. The time requirements of the Local Rules are shortened to carry out this schedule.

## ORDER OF STAY OF EXECUTIONS

■ A stay order or restraining order has been requested by petitioners against the execution of themselves and members of their class. Since the Court cannot dispose of the petition without its amendment and further hearing for the reasons stated in the preceding paragraphs, the Court is compelled to exercise the power granted by the provisions of § 2251 of Title 28 U.S.C. For the reasons stated by Mr. Justice Holmes for the Supreme Court in United States v. Shipp, 203 U.S. 563, 27 S.Ct. 165, 51 L.Ed. 319 (1906), a Court must have the power to prevent the execution of an applicant so that it may have the time to make a deliberate judgment whether it can properly entertain the application and, if so, whether the application has merit. Therefore, without intimating any view as to the merits of petitioners' claims either as to the procedures employed or as to the substantive grounds

urged by the petitioners, this Court orders that the executions of the nine persons named above in Category A and of any other persons whose execution dates have been or will be set during the pendency of this proceeding are stayed until further order of this Court, and that respondent Louis E. Nelson, Warden, his agents and employees and any other officer of the State of California are ordered to comply herewith until further order of this Court. This order does not stay any appellate, post-conviction, or clemency proceedings that may be pending or hereafter commenced.

The issuance of the stay order makes unnecessary at this time the consideration of the application for a temporary restraining order.

## DIRECTION TO INQUIRE AS TO THE EXISTENCE OF LEGAL ASSISTANCE TO INDIGENT PERSONS CONDEMNED TO DEATH

■ In their verified petition petitioners allege on information and belief that there are persons presently under sentences of death or subject to sentences of death who have exhausted their initial automatic appeal to the California Supreme Court and who, since then, have been and are unrepresented by any counsel; and that other such persons will become unrepresented by counsel without their knowledge and without the possibility of corrective action under California procedure. Confronted with these sworn statements, the Court feels compelled to make inquiry concerning the existence of legal assistance to indigent inmates condemned to death since the disposition of their automatic appeal. This problem is a matter of concern to those interested in the development of criminal justice. See Advisory Committee on Sentencing and Review, American Bar Association Project on Minimum Standards for Criminal Justice, Standards Relating to Post-Conviction Remedies 50 (January 1967) (Tent.Draft); President's Commission on Law Enforcement and Administration of Justice, The Challenge of Crime in a Free So-

ciety 139–40 (February 1967); Dillon v. U. S., 307 F.2d 445 (9th Cir. 1962); People v. Shipman, 62 Cal.2d 226, 42 Cal. Rptr. 1, 397 P.2d 993, (1965). Accordingly, it is requested that counsel for both parties ascertain through the respondent Warden of San Quentin State Prison the names of those indigent prisoners who (a) are condemned to death, and (b) have exhausted their automatic appeal to the Supreme Court of California, and (c) who, since then, remain without legal representation, and that counsel then furnish the Court with such requested information at the hearing on August 3.