Joshua HILL, Frederick Saterfield, Rob-
ert Page Anderson and all other per-
sons similarly situated, Petitioners,

v.

Louis E. NELSON, Warden, San Quentin
Prison, Respondent.

No. 47318.

United States District Court
N. D. California.

Aug. 24, 1967.

Jerome B. Falk, Jr., E. Roy Eisenhardt, Harry J. Kreamer, San Francisco, Cal.; Clinton White, Oakland, Cal., Richard Bancroft, Garfield Stewart, Chairman Legal Redress Committee, N.A.A.C.P., San Francisco, Cal.; Jack Greenberg, Leroy D. Clark, Charles S. Ralston, N.A.A.C.P. Legal Defense & Educational Fund, Inc., New York City; Anthony G. Amsterdam, Philadelphia, Pa., for petitioners (Nathaniel Colley, Western Regional Counsel, N.A.A.C.P., Sacramento, Cal., Gary D. Berger, San Francisco, Cal., of counsel).

James H. Morrison, Los Angeles, Cal., in pro. per., intervenor.

Thomas C. Lynch, Atty. Gen., State of California, San Francisco, Cal., for respondent.

## SECOND MEMORANDUM AND ORDER

PECKHAM, District Judge.

Joshua Hill, Frederick Saterfield, and Robert Page Anderson, the named petitioners, filed for themselves and all other persons similarly situated, a petition for a writ of habeas corpus and an application for injunctive and declaratory relief. The petitioners and the class on behalf of whom they are attempting to sue are described in their petition as persons "who are presently under sentences of death imposed by the State of California or who have been convicted of capital crime and are hence subject to the death penalty under the laws of the State of California."

## SUBSTANTIVE GROUNDS UPON WHICH ACTION IS BASED

Petitioners present four basic grounds in support of the relief requested of this Court. First, many of the petitioners and those for whom they sue are claimed to have been denied the right to counsel guaranteed to them by the equal protection and due process clauses of the United States Constitution as well as by the Sixth Amendment during the period when post conviction remedies may be available between termination of their State appeals and their execution by the State. This contention will be referred to hereafter as "right to counsel after direct appeal". Second, the exclusion for cause of prospective jurors who entertain conscientious scruples against the death penalty from service on the jury or juries that determine the guilt, sanity, and penalty issues violates the due process and equal protection clauses as well as the Seventh Amendment right to a fair trial by an unbiased jury made applicable to the States by the Fourteenth Amendment. This contention will be referred to hereafter as "exclusion of jurors with conscientious scruples". Third, in reaching its decision to impose death as the penalty, a California jury or judge proceeds without guides or standards of any kind and therefore California Penal Code §§ 190 and 190.1 violate the due process and equal protection clauses of the United States Constitution. This contention will be referred to hereafter as "standards". Fourth, a sentence of death, pursuant to provisions of California Law, constitutes a cruel and unusual punishment in violation of the Eighth Amendment and the due process clause of the Fourteenth Amendment because (a) the lack of standards to guide juries and judges in imposing a death sentence renders such sentence violative of the prohibition against cruel and unusual punishment, (b) the failure of California to provide an adequate procedure to determine whether the death penalty is justifiable in any particular case renders the imposition of the death penalty in any case a cruel and unusual punishment in violation of the Fourteenth Amendment, and (c) the manner of its application inflicts the loss of life without commensurate justification. This contention will be referred to hereafter as "cruel and unusual punishment without standards or procedure".

## ORDER OF JULY 5, 1967.

After a preliminary hearing this Court issued on July 5, 1967, its Memorandum and Order which in brief provided as follows:

(a) The Court found that the allegations of the petition regarding the exhaustion of State remedies were insufficient and conclusionary and ordered the petitioners to file an amended petition setting forth the pertinent information with specificity in accordance with Local Rule 28 of this Court. Further, the Court expressed concern with the serious and novel procedural problems presented by the petition and taking into consideration the insufficient time each side had to brief and argue orally their positions, the Court ordered that further briefs be filed and a subsequent hearing be held. In addition the Court requested respondent to file any motions to dismiss the injunctive and declaratory relief claims to be noticed for hearing at the same time.

(b) In order to have the time to make a deliberate judgment whether this Court could properly entertain this petition the Court ordered the executions of those persons whose automatic direct State appeal had been terminated unsuccessfully and whose execution dates had been set and who were not subject to a stay order from any other judge or justice stayed until further order of Court.

(c) The Court noted the assertion in the verified petition that persons presently under sentence of death and who had exhausted their automatic State appeal were unrepresented by any counsel and that other such persons will become unrepresented by counsel and without their knowledge. In response to these sworn statements, the Court directed counsel for both parties to ascertain through respondent the names of those indigent prisoners who are condemned to death, have exhausted their automatic appeal to the Supreme Court of California and who since then remain without legal representation, and that counsel then furnish the Court with such requested information at the next hearing.

### DEVELOPMENTS SUBSEQUENT TO THE ORDER OF JULY 5, 1967.

As a result of the Order of July 5, 1967, the following has occurred:

(a) The petitioners amended their petition to allege there are available to petitioners no effective state remedies in the California courts within the meaning of 28 U.S.C. § 2254 because the Supreme Court of California has recently ruled adversely to all of the contentions raised by petitioners herein in other cases raising the same issues. It is alleged that no subsequent decisions of the California Supreme Court have altered the binding effect of these decisions in the courts of California. Further, it is alleged there have been no subsequent contrary decisions of the Supreme Court of the United States.

(b) Extensive briefs were filed by both sides and respondent filed a motion to dismiss the claims for injunctive and declaratory relief on the grounds later set forth in the portion of this Order dealing with those motions. The hearing on the procedural issues was held on August 10, 1967, at which time counsel for both sides orally argued their respective positions. Petitioners' motion to continue the hearing on respondent's motion to dismiss was granted as to consideration of the substantive questions raised in the respondent's motion to dismiss and denied as to consideration of the threshold procedural and jurisdictional problems which both parties had briefed. This ruling was predicated upon the intention of this Court to resolve fully the procedural problems before proceeding further.

(c) The effect of the stay order was to prevent the execution of seven condemned persons whose dates of death had been set during the interim.

(d) The respondent filed his affidavit July 19, 1967, setting forth the data known to him about the status of legal representation for the condemned men whose automatic direct State appeals had been terminated. On August 9 Leroy D. Clark, one of petitioners' counsel, filed an affidavit in which he recited, among other things, that on July 20, 1967, a letter was sent by him to the seventeen attorneys (other than counsel for petitioners herein) who were listed in respondent's affidavit as attorneys for condemned men whose automatic direct appeal had been unsuccessfully terminated, inviting them to a conference on August 7, 1967, for a discussion of this pending action and its relationship to any action these attorneys were prosecuting on behalf of their clients. Mr. Clark indicated that their expenses in attending the meeting would be paid. Responses were received from eight of the seventeen and two indicated they could not attend, one being out of the country on vacation and the other serving a two week tour with the Army Reserves. Five of the six attorneys who had indicated they would attend the meeting were present. The sixth attorney telephoned to say that the only available air flight was cancelled. Two

additional attorneys who had not sent back replies were in attendance. The remainder of the attorneys representing seven of the condemned men whose automatic direct appeals have been unsuccessfully terminated and who are under sentence of death neither replied to Mr. Clark nor appeared at the meeting. At the hearing Mr. Anthony Amsterdam, chief counsel for petitioners represented that three of the persons whose execution dates had been set between July 5 and August 10 had no legal representation since the termination of their automatic appeals and would have been put to death but for the stay.

## PROCEDURAL ISSUES BEFORE THE COURT

The procedural issues before the Court for determination are the following:

(1) Should petitioners be permitted to assert a habeas corpus class suit for all presently condemned men similarly situated?

(2) Have petitioners satisfied the requirements of Section 2254(b) of Title 28, United States Code?

(3) Should the motion to dismiss the claims for injunctive and declaratory relief be granted?

## I.

## SHOULD PETITIONERS BE PERMITTED TO ASSERT A HABEAS CORPUS CLASS SUIT FOR ALL PRESENTLY CONDEMNED MEN SIMILARLY SITUATED?

We do not say that a class action for a writ of habeas corpus could never under any circumstances be maintained but determine at this time that because of the procedural problems inherent in this proceeding, use of such a class suit does not appear the most practicable vehicle to determine the issues presented. Therefore the Court orders that this proceeding cannot be maintained as a habeas corpus class suit. Instead, exercising the inherent powers of the United States District Court to fashion appropriate procedure in habeas corpus and to "dispose of the matter as law and justice require" (28 U.S.C. § 2243), the proceeding will be structured as follows:

(1) The petition of Hill, Saterfield, and Anderson will be treated as three individual petitions. The petition of Edward Louis Arguello was filed subsequent to the Order of July 5 as an individual petition setting forth the same four grounds. A motion to consolidate common questions of law and fact comprising the four contentions contained in the present petition may be made after the amended petition required by paragraph 2 below is filed and the Court is satisfied that the requirements of § 2254 of Title 28, United States Code have been met.

(2) Within 30 days from the date of this Order the petitions of Hill, Saterfield, Anderson, and Arguello shall be amended and set forth in particularity the following:

(a) A statement of the facts upon which petitioner bases his claim that he has met the requirements of 28 U.S.C. § 2254(b).

(b) A statement of the offense for which he was convicted, the plea, whether a jury was impanelled, and if so, for what purpose or purposes or whether for any purpose a judge without a jury decided the issue.

(c) The history of his representation by counsel (and of his requests, if any, for counsel) since termination of his automatic appeal to the California Supreme Court, and its precise current status.

(d) What action, with or without counsel, petitioner has taken after the unsuccessful termination of his automatic appeal by way of seeking review in the United States Supreme Court, State post conviction remedies, and clemency application.

(e) Whether potential jurors were excused from the jury in his trial, for cause, on the basis of conscientious

objection to the death penalty; and if so:

(1) whether objection was made to such exclusion, and if not, the reasons for failure to object; and

(2) the number of challenges for cause allowed on the basis of conscientious opposition to the death penalty; and

(3) whether jurors were so excluded for scruples without inquiry into whether their scruples would affect their impartiality at the guilt phase.

(f) Whether there are any other Federal Constitutional issues independent of these common questions.

(g) Verification by the prisoner himself, or someone else having personal knowledge of the facts contained therein, together with a sworn statement by such person that he is acting with the knowledge and consent of the prisoner.

■ (3) The Court makes the following order as to other persons who are under sentence of death and whose automatic appeal has unsuccessfully terminated: Such a person may file his petition for writ of habeas corpus setting forth any federal constitutional ground, including any of the four contentions raised in the petitions of named condemned persons, that he has standing to raise. Upon filing, application for an individual stay of execution may be made to the Judges of this Court. Justice requires that no condemned man who has standing to raise any federal constitutional issue, including any of the four common questions, should be executed until such question is finally adjudicated. Upon filing a petition that sets forth one or more of the four common questions of law and fact and that satisfies the pleading requirements outlined in paragraph 2 where applicable, this Court will entertain a motion to consolidate and applications to shorten time for the hearing for such motion to consolidate. At such time as the requirements of Section 2254(b) of Title 28, United States Code have been met and a petition or petitions consolidated on the common issues presents

properly the four contentions advanced in the instant application, the Court will proceed without delay to decide these substantive issues.

4. The stay heretofore entered on July 5, 1967, is terminated except as to petitioners Hill, Saterfield and Arguello. Anderson's execution is stayed by prior order of Chief Judge Harris.

### INDIGENT CONDEMNED PERSONS WITHOUT COUNSEL

Pursuant to the suggestion of the Attorney General, the Court orders that the Attorney General and respondent shall furnish the Court and an attorney designated for this purpose by counsel for petitioners Hill, Saterfield, and Anderson, with the date for each new execution as it is set, including the name and address of counsel of record for each such condemned man. Heretofore, the Court directed that respondent furnish petitioners' counsel with a list of the attorney or attorneys of record for each condemned man who has exhausted his automatic appeal to the California Supreme Court, and give permission to interview each such condemned prisoner, this permission conditioned solely upon obtaining written authorization for these interviews from the attorney of record, if any, for such man. The Attorney General states that he and respondent have no intention of withdrawing or limiting this permission in any way during the pendency of the instant action unless in the unlikely event an abuse of the interview privilege occurs. The Court continues its order in this regard during the pendency of the instant proceeding.

Counsel for petitioners at the hearing objected to the procedure of each condemned man being required to file an individual petition and urged the maintenance of this proceeding as a class suit for, *inter alia*, two reasons. First, he and his associates understandably do not have the personnel and time to advise and to represent each condemned man as to any independent ground or grounds for federal habeas corpus that he may have

in addition to the four contentions raised here. Second, if such independent ground or grounds exist and are not presented now in the individual petition along with any of the four contentions applicable, and it is later dismissed, a subsequent petition setting forth such independent ground or grounds might be dismissed by a judge in the exercise of his discretion under Section 2244(b) of Title 28, United States Code (1966).

"2244(b). When after an evidentiary hearing on the merits of a material factual issue, or after a hearing on the merits of an issue, of law, a person in custody pursuant to the judgment of a State court has been denied by a court of the United States or a justice or judge of the United States release from custody or other remedy on an application for a writ of habeas corpus, a subsequent application for a writ of habeas corpus in behalf of such person need not be entertained by a court of the United States or a justice or judge of the United States unless the application alleges and is predicated on a factual or other ground not adjudicated on the hearing of the earlier application for the writ, and unless the court, justice, or judge is satisfied that the applicant has not on the earlier application deliberately withheld the newly asserted ground or otherwise abused the writ."

In response to the second part of this argument we are of the view that a petitioner should state all grounds for federal habeas corpus relief that exist and with reasonable diligence can be ascertained; otherwise, the administration of justice suffers from the further postponement of the finality of the state judgment in the event a petitioner does not prevail on any of his four contentions.

Having previously stated our view on the advisability of alleging in these petitions of all condemned persons any existing independent grounds, as well as any of the four common questions, we now meet the first part of counsel's objection to the individual petition procedure.

Counsel for petitioners have expressed at the hearing a willingness to represent any condemned person as to any of the four contentions that he has standing to raise and to cooperate with any attorney that such person may have in respect to the presentation of any of these contentions. We recognize the burdens undertaken by the counsel for petitioners Hill, Saterfield, and Anderson in asserting the four common issues and do not feel that they should be compelled to represent in addition every condemned man as to all possible grounds. Many of these persons are shown by respondent's affidavit to have counsel upon whom the responsibility to search the record for independent grounds should fall. In the event that an indigent condemned man has no effective counsel to advise him upon any independent grounds that can be raised in federal habeas and to represent him in the United States District Court for this purpose, this Court will request qualified members of the bar to act as counsel for this purpose. (Title 28, United States Code, § 1915(d).) Petitioners' counsel should promptly advise the Court either if the attorney shown of record is unwilling or indifferent to undertake this responsibility or if an indigent condemned inmate has no representation.

## II.

### HAVE PETITIONERS SATISFIED THE REQUIREMENTS OF SECTION 2254(b) OF TITLE 28, UNITED STATES CODE?

The Attorney General contends that the petitioners have not exhausted their state remedies and vehemently urges that the California courts be given an opportunity to rule upon petitioners' four federal constitutional contentions.

Petitioners admit that in their respective cases each of the four contentions has not been presented to the Cali-

fornia courts either on direct appeal[1] or in collateral state proceedings, but contend that there exist "circumstances rendering such process ineffective to protect the rights of the prisoner". Title 28, United States Code § 2254(b) (February 1967 Supp.). Petitioners argue that "resort to the state courts would be ineffective to provide them the relief requested because the California Supreme Court has had occasion, within the past year and one half, to review each and every substantive contention raised by petitioners and has held that these contentions do not constitute bases for relief".

We have examined each contention in light of recent decisions of the California Supreme Court.

■ As to the "standards" and "exclusion of jurors with conscientious scruples", we are disposed to agree with petitioners. (Re "Standards", People v. Seiterle, 65 A.C. 367, 54 Cal.Rptr. 745, 450 P.2d 217 (1966); People v. Hill, supra. Re "exclusion of jurors", People v. Gonzales, 66 A.C. 494, 58 Cal. Rptr. 361, 426 P.2d 929 (1967).

See also People v. Mitchell, 61 Cal.2d 353, 38 Cal.Rptr. 726, 393 P.2d 526 (1964); People v. Spencer, 60 Cal.2d 64, 31 Cal.Rptr. 782, 383 P.2d 134 (1964); People v. Ketchel, 59 Cal.2d 503, 30 Cal.Rptr. 538, 381 P.2d 394 (1963); People v. Shipp, 59 Cal.2d 845, 31 Cal.Rptr. 457, 382 P.2d 577 (1963); People v. Pike, 58 Cal.2d 70, 22 Cal.Rptr. 664, 372 P.2d 656 (1962). If these grounds were the only ones advanced, our return of these petitioners to the state courts might well make for less rather than greater comity between the state and federal judiciaries. However, we are compelled to reach on the issue of exhaustion of remedies a different conclusion as to the "right to counsel after direct appeal" and "the cruel and unusual punishment without standards and procedure" questions. Within the "critical stage" between termination of

their automatic state appeal and their execution, petitioners claim there are six possible instances where counsel would be needed: (1) petition for certiorari or appeal to the United States Supreme Court; (2) state coram nobis proceeding; (3) state habeas corpus proceedings; (4) clemency hearing; (5) insanity hearing; (6) federal habeas corpus proceeding. In People v. Shipman, 62 Cal.2d 226, 42 Cal.Rptr. 1, 397 P.2d 993 (1965), the California Supreme Court did not pass upon an indigent's right to state-appointed counsel in a capital case for purposes of application for certiorari or appeal to United States Supreme Court, clemency hearing, insanity hearing, and federal habeas corpus. Shipman does state the California law in respect to right to counsel in a state collateral proceeding of coram nobis in a non-capital case. Nor can the affidavit of Jerome Falk, one of petitioners' counsel, containing the hearsay statements of the Clerk of the Supreme Court of California about that Court's practice when requests for counsel are received after the termination of the direct appeal be regarded as reflecting recent adjudications of that Court on this contention.

Further, this Court has not been shown that the California Supreme Court has ruled upon petitioners' "cruel and unusual punishment without standards and procedure" contention. Petitioners do not claim this last contention is either the "cruel and unusual punishment *per se*" argument or the "standards" argument simply stated another way. People v. Thomas, 65 A.C. 749, 56 Cal.Rptr. 305, 423 P.2d 233 (1967), cited to show that the California Supreme Court disposed of this contention, held in this regard only that the death penalty does not constitute cruel and unusual punishment *per se*.

Therefore, we must agree with the view of the Attorney General as to failure to exhaust state remedies on these issues.

1. The one exception is petitioner Hill. People v. Hill, 66 A.C. 531, 58 Cal.Rptr. 340, 426 P.2d 908 (1967) re "standards" question.

Since petitioners must present these two contentions to the state court before this Court can proceed further to examine the substantive issues set forth in the petition, all contentions, not directly decided heretofore in a petitioner's own state case and including any independent grounds as well as the four common questions, can be included and presented in any subsequent state collateral proceeding.

Accordingly the petitions for writ of habeas corpus of Hill, Saterfield, Anderson, and Arguello are held in abeyance pending the final disposition of the state collateral proceedings and their stays of execution shall remain in effect until further order of this Court.[2] Petitioners are ordered forthwith to initiate state collateral proceedings after the amendment of their petitions.

### III.

### SHOULD THE MOTION TO DISMISS THE CLAIMS FOR INJUNCTIVE AND DECLARATORY RELIEF BE GRANTED?

In conjunction with their petition for habeas corpus relief, the petitioners alternatively seek injunctive and declaratory relief in order to redress the alleged denial under color of state law of rights, privileges and immunities guaranteed by the due process and equal protection clauses of the Fourteenth Amendment to the United States Constitution. Petitioners assert that the jurisdictional basis for this equitable relief is found in 28 United States Code, Section 1343 (1964) and that the action is authorized under 42 United States Code, Section 1983 (1964) and 28 United States Code, Sections 2201 and 2202, (1964). In their memorandum on procedural questions, petitioners contend that the injunctive proceedings contemplated by the petition are governed by 28 United States Code, § 2281 et seq. (1964).

Specifically, petitioners pray for an injunction restraining any official of the State of California from carrying out any sentences of execution on petitioners and members of their class, and further, from executing any of petitioners and members of their class who are indigent unless and until such time as full and sufficient provision for adequate representation by counsel has been made by officials of the State of California. A declaratory judgment is sought declaring that the convictions and sentences of death imposed on petitioners and other members of their class are illegal and unconstitutional under the Fourteenth Amendment to the Constitution of the United States. Finally, petitioners seek temporary restraining orders, preliminary injunctions and stays of execution for petitioners and all others similarly situated pending final determination of this action by the Court.

Petitioners make clear in their Memorandum on Procedural Questions that the prayer for injunctive and declaratory relief herein is pressed only insofar as this Court may find that the habeas

---

2. It is clear that the doctrine of exhaustion of remedies is not jurisdictional, Fay v. Noia, 372 U.S. 391 (1963).

The Ninth Circuit has indicated that the preferable course for the District Court to follow in cases that require an exhaustion of state remedies is to retain jurisdiction pending a determination of the merits in the state courts. Blair v. People of State of California, 340 F.2d 741 (9th Cir. 1965) states:

"Where a state prisoner has not exhausted his state court remedies before applying for a federal writ of habeas corpus, the district court may usually either dismiss the application for that reason, or hold it in abeyance while affording the applicant a reasonable opportunity to exhaust his state court remedies. See Thomas v. Teets, 9 Cir., 205 F.2d 236, 240 [1953]. * * * we believe the latter course is preferable here."

This is especially true in a case involving exceptional circumstances, such as those presented in the present petitions where a stay of execution of the imposition of the death penalty is involved. See Clarke v. Grimes, 374 F.2d 550 (5th Cir. 1967); Crawford v. Bailey, 234 F.Supp. 700 (E.D.N.C.1964); Duffy v. Wells, 201 F.2d 503 (9th Cir. 1953).

corpus petition in its class action form cannot be maintained. As this Court, heretofore in this Order, has determined that the class action form is an inappropriate procedural vehicle for the maintenance of this petition for habeas corpus relief in these circumstances, the Court must now address itself to the prayer for injunctive and declaratory relief.

At the outset of this discussion, the Court assumes without deciding, that insofar as it seeks injunctive and declaratory relief, the complaint herein is not objectionable for improper joinder or as an improper class action. The Court feels that it is not necessary to decide this question in light of its rulings made immediately below.

Treating first the petitioners' prayer for declaratory relief under the Federal Declaratory Judgment Statutes (28 United States Code §§ 2201–2202), this Court is of the opinion that the respondent's motion to dismiss the prayer for declaratory relief should be granted. The Court is unaware of any authority which would permit the Federal Declaratory Judgment Statutes to be used as a post-conviction remedy. In Waldon v. State, 323 F.2d 852 (8th Cir. 1963) *per curiam,* the Court held that a state prisoner is not entitled to seek a declaratory determination from the federal courts as to the validity of the judgment under which he is confined. The Court stated at 852–853:

> If the restraint in which he is held is constitutionally invalid, the federal courts have the power to release him therefrom in habeas corpus, after exhaustion by him of such state remedies as are available to him. He cannot resort to a federal declaratory judgment suit in an effort to escape having to exhaust available state remedies and to circumvent the intent manifested by Congress in 28 U.S.C.A. § 2254 that the state courts are to be

given 'the opportunity to pass upon and correct errors of federal law in the state prisoner's conviction', Fay v. Noia, 372 U.S. 391, 438, 83 S.Ct. 822, 848, 9 L.Ed.2d 837 [1963].

See Christopher v. State, 324 F.2d 181 (8th Cir. 1963) *per curiam.*

■ This Court is persuaded on this issue by both the reasoning and conclusion of the *Waldon* case, supra. As there presently is available to each petitioner and member of his class both federal and state post-conviction remedies as outlined in detail elsewhere in this Order, "there is no need to construe the federal declaratory judgment statute, 28 U.S.C.A. §§ 2201 and 2202, as opening up a remedy of different and conflicting concept in this sensitive area" of federal-state relations. Waldon v. State, supra, 323 F.2d at 853. Accordingly, respondent's motion to dismiss the application for declaratory relief is granted.

Turning now to petitioners' prayer for injunctive relief, the Court is of the opinion that respondent's motion to dismiss the prayer for injunctive relief should also be granted.

Petitioners contend that the Court is required to convene a three-judge court under 28 U.S.C. § 2281 et seq. (1964), to decide the question whether the petition sufficiently states a claim for injunctive relief. Also, petitioners argue in some detail that 28 U.S.C. § 2283 (1964) is not an absolute bar to injunctive relief in suits brought under 42 U.S.C. § 1983 (1964) to enjoin state proceedings which are allegedly violative of federally-secured rights where there is no adquate remedy at law available. There is question whether an injunction of a state court proceeding can be secured under 42 U.S.C. § 1983, in the face of the language of 28 U.S.C. § 2283.[3] The Supreme Court has not ruled on whether suits under § 1983 come under the "expressly authorized" exception to § 2283. See Dombrowski

---

3. This section states: A court of the United States may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.

v. Pfister, 380 U.S. 479, 484 n. 2, 85 S.Ct. 1116, 14 L.Ed.2d 22 (1965). This Court need not decide this question, as it is unnecessary to the consideration of this application for injunctive relief for the reasons stated hereafter.

The Supreme Court has stated, "[t]he basis of injunctive relief in the federal courts has always been irreparable harm and inadequacy of legal remedies." Beacon Theatres, Inc. v. Westover, 359 U.S. 500, 506–507, 79 S.Ct. 948, 954, 3 L.Ed.2d 988 (1959). Ordinarily, "[w]hen an application for a statutory three-judge court is addressed to a district court, the court's inquiry is appropriately limited to determining whether the constitutional question raised is substantial, *whether the complaint at least formally alleges a basis for equitable relief,* and whether the case presented otherwise comes within the requirements of the three-judge statute." Idlewild Liquor Corp. v. Epstein, 370 U.S. 713, 715, 82 S.Ct. 1294, 1296, 8 L.Ed.2d 794 (1962) (*emphasis added*). Accordingly, *as to that aspect of the initial inquiry emphasized above, a single district judge is empowered to determine whether an application for injunctive relief meets the requirements of equity in satisfactorily alleging the threat of irreparable injury and the inadequacy of legal remedies.* Cf. Pierre v. Jordan, 333 F.2d 951, 956–957 (9th Cir. 1964), cert. denied, 379 U.S. 974, 85 S.Ct. 664, 13 L.Ed.2d 565 (1965).

Certain principles that have been consistently announced by the Supreme Court of the United States guide this Court in its consideration of this application for injunctive relief. In Douglas v. City of Jeannette, 319 U.S. 157, 63 S.Ct. 877, 87 L.Ed. 1324 (1943), the Supreme Court upheld a district court's refusal to enjoin application of a city ordinance to religious solicitation, even though the ordinance had been held unconstitutional as so applied on review of a criminal conviction under it in a companion case. Although that case did not involve the scope of the power of a single district judge under the federal injunction statutes (28 U.S.C. § 2281 et seq.), the Court emphasized certain paramount policy considerations which underlie the consideration of an application for injunctive relief, which, if granted, will interrupt the orderly adjudication of constitutional claims in state criminal proceedings:

> Notwithstanding the authority of the district court, as a federal court, to hear and dispose of the case, petitioners are entitled to the relief prayed only if they establish a cause of action in equity. Want of equity jurisdiction, while not going to the power of the court to decide the cause [cases cited], may nevertheless, in the discretion of the court, be objected to on its own motion [cases cited]. Especially should it do so where its powers are invoked to interfere by injunction with threatened criminal prosecutions in a state court. 319 U.S. 157, at 162, 63 S.Ct. 877, at 880.

These policy considerations were reemphasized in Stefanelli v. Minard, 342 U.S. 117, 72 S.Ct. 118, 96 L.Ed. 138 (1951). There the court held that the district court properly dismissed complaints seeking an injunction under R.S. § 1979 (42 U.S.C. § 1983) against the use, in state criminal proceedings pending against the petitioners, of evidence claimed to have been obtained by an unlawful seizure by state police. Therein the court stated at 120, 72 S.Ct. at 120:

> * * * [t]o sustain the claim would disregard the power of courts of equity to exercise discretion when, in a matter of equity jurisdiction, the balance is against the wisdom of using their power. Here the considerations governing that discretion touch perhaps the most sensitive source of friction between States and Nation, namely, the active intrusion of the federal courts in the administration of the criminal law for the prosecution of crimes solely within the power of the States.

As the court stated in Cleary v. Bolger, 371 U.S. 392, at 400–401, 83 S.Ct. 385, 390, 9 L.Ed.2d 390 (1963) in following Stefanelli v. Minard, supra, in a similar

case, "[t]he withholding of injunctive relief against this state official does not deprive respondent of the opportunity for federal correction of any denial of federal constitutional rights in the state proceedings."

 The principles established in the cases cited above govern this Court's consideration of the application for injunctive relief. As this Order has set forth heretofore, and as respondent urges, petitioners have an adequate remedy at law in the state courts in habeas corpus proceedings under the California Statutes in which to raise each federal claim. Moreover, after compliance with the procedures which are also set forth in this Order, each petitioner and member of his class has an adequate remedy at law in this Court by way of 28 U.S.C. § 2241 et seq. which will afford complete redress for any deprivation of any federal constitutional rights.

These considerations were seen to be important in Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir. 1954), where the Court affirmed the dismissal of an application for injunctive and declaratory relief under the federal statutes by a federal prisoner seeking release from an allegedly unconstitutional confinement. The Court persuasively stated at 737–738:

> It is not necessary for [petitioner] to seek extraordinary equitable relief or to counter the traditional reluctance of the courts to enjoin criminal prosecutions and the enforcement of penal statutes [cases cited]. He has a plain, direct, and adequate remedy by petition for writ of habeas corpus. It is a speedy remedy, entitled by statute to special, preferential consideration to insure expeditious hearing and determination.

Accord: Taylor v. United States Board of Parole, 90 U.S.App.D.C. 199, 194 F.2d 882 (D.C.Cir. 1952).

Moreover, insofar as petitioners are seeking the injunction under the Civil Rights Act, 42 U.S.C. § 1981 et seq., the same considerations advanced above, especially those in Van Buskirk v. Wilkinson, supra, prevail. In Johnson v. Walker, 317 F.2d 418 (5th Cir. 1963), a state prisoner attempted to rely on the Civil Rights Statutes to secure his release from an alleged unconstitutional detention and to circumvent the requirement of exhaustion of state remedies which had caused the district court to dismiss his habeas corpus petition. The Court noted that state remedies were available to petitioner and stated that "[u]se of the Civil Rights Statutes to secure release of persons imprisoned by State Courts would thus have the effect of repealing 28 U.S.C. § 2254." Hence, the Court rejected the attempt to circumvent the requirement of exhaustion of state court remedies. 317 F.2d 418, at 419. See Davis v. State of Maryland, 248 F.Supp. 951 (D.Md.1965); Collins v. State of Maryland, 264 F.Supp. 629 (D.Md.1967); Cf. Gaito v. Strauss, 249 F.Supp. 923 (W.D.Pa.1966), aff'd per curiam, 368 F.2d 787 (3rd Cir. 1966) cert. denied, 386 U.S. 977, 87 S.Ct. 1173, 18 L.Ed.2d 139 (1967).

The principles and reasoning cited above seem persuasive to this Court. In light of the detailed statutory habeas corpus scheme (28 U.S.C. § 2241 et seq.) as well as adequate and available state post-conviction remedies, which are designed and enforced to secure by collateral remedy the very relief which petitioners are herein seeking by their prayer for declaratory and injunctive relief, each alleged constitutional right of a petitioner and member of his class is assured of effective vindication if valid. Hence, this Court is of the opinion that there is no equitable justification or necessity in these circumstances calling for the attempted resort to the equitable remedies sought herein by petitioners. This conclusion is buttressed by the fact that neither the extensive briefs of petitioners nor the Court's own research has revealed any authority directly holding that persons in state custody may use the federal injunction statutes or the Civil Rights Act to attack their convictions collaterally when other remedies at law are adequate and available. In short, this Court is of the opinion that this is

not a case where this form of immediate judicial intervention by this Court is the only effective way of protecting the asserted constitutional rights of the petitioners.

Petitioners, in their Memorandum on Procedural Questions, acknowledge that injunctive relief cannot be obtained if there exist state court proceedings adequate to vindicate federal constitutional rights. As heretofore noted, they argue that there are no adequate state proceedings by which petitioner's federal rights might be vindicated. Petitioners base this conclusion on their assertion that each of petitioners' federal claims has recently and definitively been rejected by the California Supreme Court, and thus, that these circumstances render such state proceedings ineffective to protect the constitutional rights of the petitioners. The vice of this argument has been shown heretofore in this Order, and it is made clear by the respondent's earnest assertions that state post-conviction remedies are adequate and available. In any case, under the procedures outlined by this Order which affirm that each petitioner has an adequate remedy at law in this Court through federal habeas corpus proceedings, there is no reason to doubt that any irreparable injury to petitioners will occur prior to full and effective vindication of any of petitioners' valid constitutional claims.

Naturally, this Court is aware of and concerned about the obvious irreparable injury which petitioners face. However, the Court is confident that the procedures outlined heretofore in this Order fully and effectively protect the opportunity to adjudicate every constitutional right of each petitioner and member of his class.

Finally, this Court is of the opinion that res judicata is applicable in actions either for declaratory or injunctive relief under the federal statutes. Goss v. State of Illinois, 312 F.2d 257, 259 (7th Cir. 1963); cf. Spampinato v. City of New York, 311 F.2d 439, 440 (2d Cir. 1962); cf. Brown v. Allen, 344 U.S. 443, 456, 73 S.Ct. 397, 97 L.Ed. 469 (1953). Petitioners assert that the doctrine may not be applicable to petitioners' right to counsel claim. However, this Court is uncertain whether their claim has been raised by any petitioner in any state proceeding since the termination of his automatic appeal. As to the other claims raised by petitioners, the doctrine is a bar to prevent the relitigation other than by habeas corpus of the constitutional questions relating to each petitioner's confinement, which were raised or could have been raised in the state court proceedings themselves. Petitioners argue that state court litigation of civil rights questions cannot prevent federal re-litigation in declaratory or injunctive proceedings. However, this Court has been cited with no persuasive authority holding the federal court can re-litigate in collateral proceedings questions which were resolved in state proceedings, other than under the limited exception to the general doctrine of res judicata found in the collateral remedy of habeas corpus.

Accordingly, having determined that petitioners have not shown a basis for equitable injunctive relief, the application for a three-judge court is denied, as is the application for injunctive relief under the Civil Rights Act. Respondent's motion to dismiss the application for injunctive relief is granted for want of equity, in this Court's considered exercise of its equity jurisdiction. Collins v. State of Maryland, 264 F.Supp. 629 (D. Md.1967); Cf. Van Buskirk v. Wilkinson, 216 F.2d 735 (9th Cir. 1954); Alabama Public Service Commission v. Southern Ry., 341 U.S. 341, 350–351, 71 S.Ct. 762, 95 L.Ed. 1002 (1951).

It is hereby Ordered:

(1) The application to maintain a habeas corpus class action by the petitioners for those similarly situated is denied.

(2) Within thirty days the individual petitions of Hill, Saterfield, Anderson and Arguello are to be amended to set forth the information prescribed on pages seven and eight of this Order.

(3) The stay of executions ordered on July 5 is terminated, except as to Hill, Saterfield and Arguello. Anderson's execution had heretofore been stayed by Chief Judge Harris.

(4) Respondent shall furnish the Court and an attorney designated for this purpose by counsel for petitioners Hill, Saterfield and Anderson, with the date for each new execution as it is set, including the name of, and the name of and address of counsel of record for, each condemned man. That portion of this Court's Order of July 5 regarding permission to interview each condemned prisoner, conditioned upon obtaining written authorization from his attorney of record, if any, remains in effect.

(5) In the event that petitioners Hill, Saterfield, Anderson and Arguello amend their individual petitions as ordered, they shall forthwith initiate state collateral proceedings to satisfy the requirements of 28 U.S.C. § 2254(b) before this Court will proceed further.

(6) The motion to dismiss petitioners' claims for declaratory and injunctive relief is granted.