**Dorman Fred TALBOT, Jr., Appellant,**

v.

**Louis E. NELSON, Warden, San Quentin Prison, Appellee.**

**(Lawrence E. Wilson, former appellee.)**

**No. 21631.**

United States Court of Appeals
Ninth Circuit.

Dec. 27, 1967.

As Amended Jan. 17, 1968.

Rehearing Denied Jan. 24, 1968.

---

Patrick J. Sampson (argued), Claremont, Cal., Jerome B. Falk, San Francisco, Cal., for appellant.

Thomas C. Lynch, Atty. Gen., Edward P. O'Brien (argued), Deputy Atty. Gen., George R. Nock, Deputy Atty. Gen., San Francisco, Cal., for appellee.

Before CHAMBERS, JERTBERG and ELY, Circuit Judges.

CHAMBERS, Circuit Judge:

On March 12, 1965, Talbot brutally murdered Michael Bartholomew by hitting him with a wrench, which fractured his skull, and by stabbing him with a large knife. Bartholomew was just out of the military service with separation money in cash. The motive was to get the cash.

In due course, a Santa Barbara County state jury convicted Talbot of first degree murder and sentenced him to death. The California Supreme Court affirmed. People v. Talbot, 64 Cal.2d 691, 51 Cal. Rptr. 417, 414 P.2d 633. Execution dates have been set, each postponed by subsequent legal proceedings.

Twice petitions for certiorari have been denied by the Supreme Court of the United States. Talbot v. People of the State of California, January 9, 1967, 385 U.S. 1015, 87 S.Ct. 729, and June 12, 1967, Talbot v. People of State of California, 388 U.S. 923, 87 S.Ct. 2141. The first petition was sought from the California Supreme Court decision affirming the conviction and the second was sought after the California Supreme Court on February 9, 1967, denied a petition for writ of habeas corpus.

On February 14, 1967, Talbot filed a petition for a writ of habeas corpus in the United States District Court for the Northern District of California. The petition was denied on February 23, 1967, after a hearing on February 20, 1967. This appeal follows.

On his direct appeal to the California Supreme Court, Talbot did not raise the point of California providing no standards for a jury to determine whether life or death should be voted after determining that there was guilt of murder in the first degree, except in his closing brief and in his petition for rehearing there. However, Talbot did put the point in his first petition for certiorari. It is said the lack of standards denied due process. We have decided that we should not pass on the foregoing point, and so we dismiss without prejudice the assignment of error thereon, leaving appellant to pursue it elsewhere, provided he does so promptly.

We do this in view of the Supreme Court of California's orders of November 9, 1967, in Saterfield and Anderson (its Nos. 11,573, 10,126, 11,572 and 9,217), which have the point of lack of standards and other constitutional questions in them.

Normally we could not sanction the foregoing procedure, but here we think it appropriate. There is reason to dispose now of the points not in Saterfield and Anderson, but in view of the Supreme Court of California's action in the

cases above listed, we have concluded to proceed as we have above indicated.

■ Next appellant contends he was deprived of due process when the trial court permitted in evidence a rather shocking photograph of the victim's body. We do not believe the point reaches constitutional dimensions, and we agree with the California Supreme Court, People v. Talbot, 64 Cal.2d 691, 51 Cal.Rptr. 417, 414 P.2d 633, that the ruling was within the trial court's discretion. Likewise, we do not believe we should overturn the California Supreme Court's ruling that the unobjected-to comment by the prosecutor on the picture was not error.

A contention is made that Chapman v. State of California, 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705, somehow requires a reversal. Into this contention is woven an assertion that the California Supreme Court held that the admission of some illegally obtained evidence was harmless error. It found no illegally obtained evidence and we find none either. See Cooper v. State of California, 386 U.S. 58, 87 S.Ct. 788, 17 L.Ed.2d 730.

■■ The trial court refused to give a manslaughter instruction. California in some murder cases requires instructions on diminished responsibility by reason of mental disease or temporary conditions such as drunkenness, but short of insanity. People v. Ford, 65 Cal.2d 41, 54–55, 52 Cal.Rptr. 228, 416 P.2d 132 (Talbot has a history of epilepsy.) The California Supreme Court held that the failure to give the manslaughter instruction in no way prejudiced appellant.[1] Also, we agree with Poulson v. Turner, 10 Cir., 359 F.2d 588.

■ Appellant further contends that the prosecutor violated Griffin v. State of California, 380 U.S. 609, 85 S.Ct. 1229, 14 L.Ed.2d 106, when he commented on failure to produce witnesses. Talbot says it was a comment that Talbot should have testified. Just as the Supreme Court of California found, we find the comment of the prosecutor to be no such thing.

We have considered the other points raised by appellant and find them without merit.

Lawrence E. Wilson has been succeeded by Louis E. Nelson as warden at San Quentin. Therefore, Nelson is substituted for Wilson as appellee.

The order of the district court from which this appeal is taken is affirmed.

ELY, Circuit Judge (concurring):

Upon the basis of the record before us, I must agree with the result reached in the opinion authored by my Brother Chambers. I do so, however, in the expectation that our opinion does not finally adjudicate one substantial contention which is to be reviewed by the Supreme

---

1. The California Supreme Court held that Talbot's case involved the felony (here burglary) murder rule. And, the diminished responsibility (short of insanity) instruction for murder in California has not yet been accepted in felony (other simultaneous crime) murder cases. Particularly in his petition for habeas corpus to the California Supreme Court and the second petition for certiorari in the United States Supreme Court, Talbot's emphasis is that People v. Ford, supra, was not available to him at the time of his trial or automatic appeal to the California Supreme Court. That is true. But People v. Ford, supra, does not appear to have changed California's nonapplication of the instruction in felony (burglary) murder cases. The appellant also relies on more recent People v. Aubrey, 253 A.C.A. 1009, 61 Cal.Rptr. 772. Aubrey was charged with murder of Garron and felonious assault upon Roberts and upon Myles. The district court of appeal apparently treated the three incidents as successive, just as the California Supreme Court did in People v. Ford, supra. Or perhaps the felonious assaults are not within the class of felony-murders where the concurrent felony substitutes for malice.

If we were to agree that since Talbot's case California has changed its rule on diminished responsibility, we would still regard it as a state matter not rising to the status of due process. A comparable situation would be if a state should change on insanity from the M'Naghten rule to the Durham rule after it affirmed a conviction under the former rule.

Further, it is not for us to interfere with California defining a felony (burglary) murder situation.

Court of California and other contentions which, it is expected, will be presented to the federal courts in the light of an enlarged record.

Oral argument in Talbot's present appeal was presented to us on August 21, 1967. Thereafter, on August 25, 1967, the Court of Appeal of the State of California issued its opinion in People v. Aubrey, 253 Cal.App.2d 1009, 61 Cal. Rptr. 772 (1967), hearing denied, Cal. Sup.Ct., Oct. 19, 1967. There it was held that Aubrey was improperly convicted of first degree murder because of the trial court's failure to advise the jury, *sua sponte*, "that a deliberate and unprovoked homicide may be manslaughter." The reversal was based on the opinion of the California Supreme Court in People v. Conley, 64 Cal.2d 310, 49 Cal.Rptr. 815, 411 P.2d 911 (1966). Since Aubrey's conviction was invalid, the California courts should give serious consideration to Talbot's contention that his conviction was wrong for the same reason. While I am unable readily to perceive controlling distinctions between the two cases upon the facts, the question of the reasonable interpretation and application of state criminal statutes properly falls, initially, within the responsibility of the state courts. I believe, therefore, that Judge Chambers should have withheld the comments contained in his Footnote 1, with all of which I, at this time, am not inclined to agree. If the California courts should eventually deny the relief which Talbot here claims upon the authority of *Aubrey*, he will doubtless then protest that a state may not apply its criminal laws in one way against some accused persons and in another way against others in the same position.[1]

It is also appropriate to take note of the case of Hill v. Nelson, No. 47318, now pending in the United States District Court for the Northern District of California. In that case, the petitioners, acting for themselves and undertaking to act for all others under death sentence in Cal-

ifornia, challenged the federal constitutionality of the death penalty as prescribed by California law and as applied in California. Included in their allegations was the charge that California has adopted no legally satisfactory standard for the imposition of the extreme penalty. Following the institution of that suit, the district judge issued an order by which the execution of all California convicts under death sentence was temporarily stayed. Hill v. Nelson, 271 F.Supp. 439 (N.D.Cal.1967). The order was affirmed in our court. On August 24, 1967, the district judge vacated the stay order insofar as it affected others than the petitioners who had actually instituted the action for themselves. Hill v. Nelson, 272 F.Supp. 790 (N.D.Cal. 1967). The District Court held, in effect, that the action was not one which the petitioners could present as a "class action" in behalf of others similarly situated. At the same time, the District Court invited those adversely affected by the vacating of the stay order to seek relief in their own behalf. In the opinion, it was said:

> "(3) The Court makes the following order as to other persons who are under sentence of death and whose automatic appeal has unsuccessfully terminated: Such a person may file his petition for writ of habeas corpus setting forth any federal constitutional ground, including any of the four contentions raised in the petitions of named condemned persons, that he has standing to raise. Upon filing, application for an individual stay of execution may be made to the Judges of this Court. Justice requires that no condemned man who has standing to raise any federal constitutional issue, including any of the four common questions, should be executed until such question is finally adjudicated."

272 F.Supp. at 795.

The petitioners in *Hill* have represented that they will seek to offer evidence,

[1] "[A state] may not discriminate arbitrarily between persons * * *." Mr. Justice Douglas, dissenting in Whitney v. Florida, 389 U.S. 138, 139, 88 Sup.Ct. 314, 19 L.Ed.2d 343 (1967).

applicable to all condemned California prisoners, in support of the contentions which they make. If such evidence is accepted and, either because of that evidence or because of generally applicable legal grounds alone, the court determines that the execution of the death sentences as to the named petitioners is barred under the federal constitution, then the determination should, of course, inure to the benefit of Talbot also.[2]

Because of Talbot's appeal to this court, the District Court has, to this time, refused to entertain the petition which he filed pursuant to the suggestion contained in the language quoted above. I expect that following the issuance of this opinion, the District Court will consider itself freed of the courteous self-restraint which has caused it to deny the latest petition directed by Talbot to its attention. Such a view, implemented by a deferred order to show cause and an appropriate stay order, will assure that, in the end, Talbot shall not be deprived of such state or federal relief as might eventually be achieved by others in a no more favorable legal position than is he.

2. The order of submission in the present case recites:

"It is Judge Ely's view that submission should be deferred pending procedure which appellant has been invited to invoke by the District Court of the Northern District of California in *Hill, et al. v. Nelson*, No. 47318."