John Alfred **ADDERLY**, John Henry Roberts, Joseph Montgomery, James E. Collins, Thomas Allen, Henry J. Carswell, and all other persons similarly situated, Petitioners,

v.

Louie L. **WAINWRIGHT**, Director, Division of Corrections, State of Florida, Respondent.

No. 67–298–Civ–J.

United States District Court
M. D. Florida,
Jacksonville Division.

Aug. 9, 1967.

Anthony G. Amsterdam, Philadelphia, Pa., Tobias Simon, American Civil Liberties Union, Miami, Fla., for petitioners.

Earl Faircloth, Atty. Gen., David U. Tumin, Wallace E. Allbritton, Asst. Attys. Gen., Tallahassee, Fla., for respondent.

### ORDER

WILLIAM A. McRAE, Jr., District Judge.

On April 13, 1967, this Court issued an Order for Hearing and Stay of Execution based upon a Petition for Writ of Habeas Corpus on behalf of Petitioners and all other persons similarly situated. Because of the complex and unique procedural questions raised as to the propriety of a joint petition and a class action in a habeas corpus proceeding, a preliminary hearing was held on July 27, 1967.

The questions considered at that hearing, to which the parties had previously addressed memoranda at the Court's request, were (1) whether the "Petition for Writ of Habeas Corpus and Other Appropriate Relief" may be entertained as

a joint petition on behalf of the six named Petitioners; (2) whether it may also be entertained as a class action on behalf of all persons similarly situated; (3) if it may be entertained as a class action, how the class is to be defined, whether and what subclasses should be recognized, and how the representational or class aspect of the action should be implemented; and (4) whether this action requires the convening of a three-judge court pursuant to 28 U.S.C. § 2281 (1964).

Respondent has taken the position that, as a matter of law, this Court is without power under any circumstances to entertain a joint petition for habeas corpus or a class-action habeas corpus proceeding. His position is that the Federal Rules of Civil Procedure do not apply in habeas corpus matters, and that the governing statutes and principles of common-law habeas corpus practice disallow the entertaining of joint or class petitions for the writ, no matter what the factual circumstances. (Respondent concedes that a joint petition might be proper in the case of jointly tried state convicts, but that concession does not significantly affect the issue now before this Court.) At the close of the hearing, Respondent moved orally to dismiss the Petition for misjoinder and because it is not a proper class action.

■ Petitioners, on the other hand, contend that under the factual circumstances of this case both joinder and the maintenance of a class action are appropriate. They assert (1) that Fed.R.Civ. P. 20 and 23 give this Court discretion to entertain a joint or class habeas corpus petition in an appropriate case; and (2) that, apart from the Federal Rules of Civil Procedure, this Court has inherent power, in the regulation of its own procedures in the exercise of its habeas corpus jurisdiction, to entertain a joint or class habeas corpus petition in an appropriate case. Petitioners urge that this case is an appropriate one for a joint or class action because those forms of action are the indispensable condition of protecting the substantive rights of the unrepresented indigent prisoners at Raiford Prison who could not come before any court in any other form of proceeding. Counsel for Petitioners have not urged that the Court make a definitive ruling on the question of the propriety of a joint or class action at this time. They ask that, as a factual basis for the determination of whether a joint or class action will be entertained, the Court allow the interviewing of all inmates of death row, in order to determine the existence, nature and status of pending legal proceedings involving each, and the posture of each with regard to representation by counsel. These factual enquiries would relate to the question of whether, under Fed.R.Civ.P. 23(b) (3) "a class action is superior to other available methods for the fair and efficient adjudication of the controversy."

Fed.R.Civ.P. 23(c) (1) provides:

(1) As soon as practicable after the commencement of an action brought as a class action, the court shall determine by order whether it is to be so maintained. An order under this subdivision may be conditional, and may be altered or amended before the decision on the merits.

This would seem to be a preliminary procedure equally appropriate to the determination of whether the Court will entertain a class-action habeas corpus petition in the exercise of its inherent power over habeas corpus matters.

On the question of whether the present case is one required to be heard by a three-judge court, the parties are agreed and the Court concurs that, so long as nothing more is involved than the exercise by the Court of its habeas corpus jurisdiction under 28 U.S.C. §§ 2241–2254 (1964), a three-judge court is not required. Counsel for Petitioners have taken the position that only if the Court should determine that the Court cannot entertain the Petition in its joint and class form as one for a writ of habeas corpus, will Petitioners ask such equitable relief by injunction as might require the convening of a court of three judges

pursuant to 28 U.S.C. §§ 2281, 2284 (1964).

Upon careful consideration of the Petition, briefs and arguments herein, the Court concludes:

(a) The Court cannot now say that a joint or class action for a writ of habeas corpus could never, under any circumstances, be entertained.

(b) The factual record before this Court at this time is inadequate to support a considered decision as to whether the present case is or is not one in which a joint or class action may properly be entertained.

(c) Respondent's motion to dismiss is therefore denied, without prejudice to its renewal at the conclusion of the further proceedings directed by this order.

(d) Enquiry into the status of legal proceedings affecting each of the inmates of death row, and into the status of legal representation of each, suggested by counsel for Petitioners, is a necessary condition of determination by this Court of the propriety of a joint or class action herein.

(e) In view of the uncontested allegations and assertions of Petitioners that the inmates of death row are impoverished, unrepresented, ignorant and illiterate, a necessary first step in any such enquiry is the personal interviewing of each inmate by an attorney properly concerned with the inmate's interests.

(f) In view of the additional uncontested assertions of Petitioners that death-row inmates frequently do not know or understand the status of their proceedings or their legal representation, and that lawyers who have been representing them may cease to represent them without their knowledge, a further necessary step in any such enquiry is an independent check of the information furnished by death-row inmates, including inspection of the legal records of their proceedings and interviews of the attorneys whom the inmates name as representing or as having represented them.

(g) Counsel for Petitioners have informed the Court that they are willing to advance the funds required to conduct the enquiries described in the preceding two subparagraphs, and are willing to provide attorneys to conduct those enquiries, under the supervision of counsel for Petitioners.

(h) Inasmuch as the question now under consideration by this Court is whether a joint or class petition for a writ of habeas corpus may and should be entertained, the action is not now one required by 28 U.S.C. § 2281 (1964) to be heard by a district court of three judges.

(i) In view of the complexity of the procedural issues herein, the necessity of preserving the jurisdiction of this Court to determine those issues, and the irreparable injury which would be occasioned to Petitioners if any of them were put to death during the time required by this Court to make a proper determination of those issues, the stay of execution heretofore entered herein should be continued until further order of this Court.

Therefore, in consideration of the foregoing, it is

Ordered:

1. Respondent's Motion to Dismiss is denied, without prejudice to its renewal at the conclusion of the further proceedings directed by this order.

2. Respondent shall permit counsel for Petitioners, or any attorneys designated by them and under their supervision, to interview each person now subject to execution of sentence of death, or who may hereafter become subject to execution of sentence of death during the period prior to the final disposition of this action. These interviews shall be allowed in private quarters, without the presence of guards or other officials, and under conditions which permit the intimacy and privacy of the ordinary lawyer-client relationship, proper consideration being given to such reasonable security measures as may be imposed by Respondent. Prisoners shall be brought singly to such private quarters for interviewing, at times arranged to suit the reasonable con-

venience of Respondent and counsel for Petitioners. The interviewers shall be attorneys admitted to The Florida Bar.

3. Counsel for Petitioners, personally or by attorneys designated by them and under their supervision, shall conduct interviews of all persons described in the preceding subparagraph. These interviews shall be conducted with all practicable speed, in view of the facilities available to counsel for Petitioners, and of the convenience of Respondent. Thereafter, counsel for Petitioners, personally or by attorneys designated by them and under their supervision, shall conduct an independent check of the status of legal proceedings against each person described in the preceding subparagraph, and the status of his legal representation, by inspection of court records, interviews with attorneys who are representing or have represented each such person, and such other investigation as appears necessary reliably to determine the status of legal proceedings and of legal representation of each such person.

4. Counsel for Petitioners shall not interview any person now known to be represented by counsel without prior permission of his attorney. Respondent shall furnish to counsel for Petitioners, by August 31, 1967, a list of all persons then subject to execution of the sentence of death in the State of Florida, with the name of counsel for each, if any. Thereafter, until the date of filing by Petitioners of the memorandum described in the next paragraph, Respondent shall furnish to counsel for Petitioners the name of any additional person who becomes subject to execution of the sentence of death, with the name of his counsel, if any. The name of each such additional person shall be furnished by Respondent to counsel for Petitioners within ten days of the date when it becomes known to Respondent that such person is subject to execution.

5. As soon as practicable after the conclusion of the interviews and investigations described above, counsel for Petitioners shall file with the Court their memorandum (1) describing the find-ings of their interviews and investigations, and (2) stating and arguing their position on the questions of whether this action should thereafter be entertained by this Court as a joint or class action, and (3) proposing their plan for the implementation of the action in its joint or class form, with due regard to the formation of subclasses, to the adequate representation of the class and any subclasses, and to the problem of notice to all members of the class and subclasses.

6. Within thirty days after the filing of the memorandum by counsel for Petitioners, Respondent shall file an answering memorandum. Respondent's memorandum shall identify with particularity all factual assertions in Petitioners' memorandum that Respondent wishes to contest, and shall state and argue Respondent's position on the procedural questions involved.

7. Further hearings in the matter will be set by the Court as necessary at a later date.

8. The stay of execution heretofore entered in this matter on April 13, 1967, as amended July 31, 1967, shall remain in effect until further order of this Court.