Charles Linwood **MITCHELL**, Leroy Baldwin, Henry Peay, and Earl L. Carey, Jr., Elsbeth Levy Bothe, on behalf of all others similarly situated, Petitioners,

v.

Hiram **SCHOONFIELD**, Warden, Baltimore City Jail, Respondent.

Civ. No. 19481.

United States District Court
D. Maryland.

May 16, 1968.

Robert G. Fisher, Elsbeth Levy Bothe and William H. Zinman, Baltimore, Md., for petitioners.

George L. Russell, Jr., City Sol., and Roger B. Duncan and James B. Murphy, Asst. City Sol., Baltimore, Md., for respondent.

Francis B. Burch, Atty. Gen., and Morton A. Sacks, Asst. Atty. Gen., Baltimore, Md., for State of Maryland, intervenor.

MEMORANDUM AND ORDER

HARVEY, District Judge:

Five individuals have joined in a petition filed in this Court seeking the issuance of a writ of habeas corpus ordering the release of some fifty persons presently confined in the Baltimore City Jail. Petitioners Mitchell, Baldwin and Peay are themselves serving sentences in such Jail. Petitioners Carey and Bothe are attorneys and representatives of the American Civil Liberties Union who are applying as "next friends on behalf of an estimated fifty persons similarly situated."

It is alleged in the petition that Mitchell, Peay and Baldwin were arrested on April 8 and April 9, 1968 during the civil disorders occurring in the City of Baltimore on those dates. By Executive Proclamation, Spiro T. Agnew, Governor of Maryland, proclaimed on April 6, 1968 at 8:00 P.M. that a state of public emergency and crisis existed in Baltimore. Pursuant to Senate Bill 390 en-

acted by the Maryland Legislature and signed by the Governor on April 5, 1968, curfews were imposed within the City during various hours between April 7 and April 10, 1968. Petitioners Mitchell, Peay and Baldwin were each arrested, charged with curfew violations and convicted in the Municipal Court of Baltimore City. Each of these three petitioners was fined $100 plus costs, but as they were unable to pay the fines imposed, they were committed to the Baltimore City Jail for a period of 60 days under the provisions of §§ 1 and 4 of Article 38 of the Annotated Code of Maryland (1965 Repl.Vol.).

Petitioners contend that the convictions and imprisonment of Mitchell, Baldwin and Peay and others similarly situated are in violation of the Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution. They ask this Court to discharge from custody not only Mitchell, Baldwin and Peay, but also other unnamed persons who are serving similar sentences.[1]

By Order of this Court, the respondent has been required to show cause on or before May 16, 1968 why a writ of habeas corpus should not be issued as prayed. The respondent has been permitted to raise certain preliminary questions by motion, provided that any such motion be filed by May 13 and that the hearing on any such motion be set for May 14. A motion to dismiss has been timely filed in which it is claimed (1) that in a habeas corpus action petitioners may not proceed by way of a class action; (2) that petitioners Carey and Bothe are not in fact duly authorized next friends of the unnamed persons in the Baltimore City Jail; (3) that the petitioners have failed to exhaust their available state remedies; and (4) that the allegations of the peti-

tion are vague and conclusory. By further Order of this Court, the State of Maryland has been permitted to intervene. A hearing has been held in open court on May 14, 1968 in which counsel for the parties and the intervenor have participated.

Substantial questions have been raised by the respondent's contention that a petition for a writ of habeas corpus may not be entertained under Rule 23, F.R.Civ.P., as a class action brought by certain named petitioners on behalf of all persons similarly situated. Under Rule 81(a) (2), it is not at all clear whether Rule 23 is applicable in any respect to habeas corpus proceedings brought in the Federal District Courts. See Boddie v. Weakley, 356 F.2d 242, 245 (4th Cir. 1966) and also Wilson v. Harris, 378 F.2d 141, 143 (9th Cir. 1967). Furthermore, even if found to be applicable, Rule 23 should not be applied in a habeas corpus proceeding until the proper factual determination has been made that the case is one in which a class action may be entertained. Adderly v. Wainwright, 272 F.Supp. 530 (M.D.Fla.1967) ; Hill v. Nelson, 272 F.Supp. 790 (N.D. Calif.1967).

However, it is not necessary at this time to decide the class action questions nor to consider whether the pending petition should be dismissed because petitioners Carey and Bothe do not qualify as next friends of the unnamed prisoners or because the petition is vague and conclusory in nature. This Court has concluded that the petition must be denied in any event because petitioners have not exhausted their available state remedies.

Petitioner Mitchell and petitioners Bothe and Carey on behalf of others similarly situated sought habeas corpus relief in the Baltimore City Court on April 24, 1968. After hearings before Chief Judge Dulaney Foster on April 26 and

---

1. Petitioners Mitchell and others not named herein have filed a separate civil action in this Court asking that §§ 1 and 4 of Article 38 of the Maryland Code be declared unconstitutional and that the respondent here as Warden of the Baltimore City Jail be enjoined from in-

carcerating the plaintiffs and others similarly situated. Kelly v. Schoonfield, 285 F.Supp. 732. On May 13, 1968, Chief Judge Haynsworth designated Judges Winter, Thomsen and Harvey to constitute a three-judge court to hear such case as provided in 28 U.S.C.A. § 2284.

April 29, 1968, such petition was denied as to each named petitioner and as to those similarly situated. Petitioners contend that by virtue of such proceeding they have exhausted their state remedies pursuant to 28 U.S.C.A. § 2254, inasmuch as under § 645A of Article 27 of the Maryland Code they have no right to appeal from the denial of a writ of habeas corpus by the state court.

Applicable provisions of 28 U.S.C.A. § 2254 are as follows:

"An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted *unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.* (Emphasis added.)

"An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, *if he has the right under the law of the State to raise, by any available procedure, the question presented.*" (Emphasis added.)

Recent pronouncements of the Fourth Circuit Court of Appeals make it clear that the exhaustion of remedies doctrine is "a rule of comity, which, in our federal system should be faithfully applied in the absence of unusual circumstances." Brown v. Fogel, 387 F.2d 692, 695 (4th Cir. 1967). In Brown v. State of North Carolina, 341 F.2d 87 (4th Cir. 1965), the Court held that a petitioner who had made application in the state court for a writ of habeas corpus only and who did not institute review proceedings under the North Carolina Post Conviction Hearing Act had failed to exhaust his available state remedies. Hunt v. Warden, 335 F.2d 936, 943 (4th Cir. 1964), reaches the same result as to a Maryland petitioner.

In the recent case of Ganger v. Peyton, 379 F.2d 709 (4th Cir. 1967), the Fourth Circuit Court of Appeals reversed a judgment of the District Court granting a writ of habeas corpus, on the grounds that petitioner had not exhausted his state court remedies. Quoting from Darr v. Burford, 339 U.S. 200, 204, 70 S.Ct. 587, 94 L.Ed. 761 (1950), the Court in the *Ganger* case stated that it was still "unseemly in our dual system of government for a federal district court to upset a state court conviction without an opportunity to the state courts to correct a constitutional violation" and that the doctrine of comity "teaches that one court should defer action on causes properly within its jurisdiction until the courts of another sovereignty with concurrent powers and already cognizant of the litigation, have had an opportunity to pass upon the matter." Continuing, the Court in *Ganger* said the following at page 711 of 379 F.2d:

"It is becoming increasingly apparent that the federal district courts cannot possibly process all of the claims of state prisoners, * * * nor should they attempt to do so, without deferring initially to the state courts—if such courts offer available and adequate remedies."

Petitioners argue that state post-conviction remedies would be ineffective to protect the rights of those confined in the Baltimore City Jail as a result of convictions occurring during the civil disorders of early April, 1968. It appears that those persons who received 30-day sentences for curfew violations have already been released and that those receiving 60-day sentences will be released around June 9, 1968. Petitioners concede that they were well aware of the provisions of the Maryland Post Conviction Procedure Act but state that they deliberately chose to file a state habeas corpus proceeding because they did not think they had sufficient time to fully litigate the issues in a post-conviction proceeding before those in confinement would be released from jail. Petitioners advance the novel theory that the non-exhaustion doctrine does not apply to state prisoners who have received short

sentences because to require exhaustion in such instances would delay final decision in the state courts until after those incarcerated were released from prison.[2]

In a proper case, the exigencies of time might well indicate that a petitioner could not secure an adequate remedy in the state courts. In this case, however, petitioners have taken it upon themselves to assume that there was not sufficient time for them to present the constitutional questions raised to the state courts. There was nothing to prevent petitioners from filing in an appropriate state court a post-conviction proceeding and requesting that it be set down for immediate hearing. Had such petition been denied, petitioners could have at once filed an application for leave to appeal to the Court of Special Appeals of Maryland and could have requested that such application be advanced on the docket for immediate hearing. At the hearing in this Court, an Assistant Attorney General of the State of Maryland represented that the State stood ready to cooperate in every way and is still willing to extend such cooperation in order that the questions raised by petitioners might be promptly presented to the highest state court having jurisdiction of the matter.

The burden of showing the existence of circumstances of peculiar urgency rests upon the petitioner in a federal habeas corpus petition. Darr v. Burford, supra, 339 U.S. at page 219, 70 S.Ct. 587. Not only have petitioners not met this burden but they have even freely admitted in this Court that they deliberately chose a course of action which would leave them no appeal to a state appellate court. In the light of these facts, this Court does not find that there were circumstances existing as to these petitioners which rendered the state corrective process ineffective to

protect their rights. Indeed, petitioners had the right (and still have the right) to seasonably raise the questions presented in the state courts. Accordingly, petitioners have not exhausted their available state remedies under 28 U.S.C.A. § 2254 (b) and (c).

Petitioners are advised that before seeking habeas corpus relief in this Court, they should litigate fully and completely in a state post-conviction proceeding any and all claims that they may wish to raise here. If post-conviction relief is denied by the lower court, petitioners should apply for leave to appeal to the Court of Special Appeals of Maryland. If their application for leave to appeal is denied by the Court of Special Appeals of Maryland, they may then seek the issuance of a writ of habeas corpus in this Court.

Relying on Johnston v. Marsh, 227 F.2d 528, 56 A.L.R.2d 661 (3rd Cir. 1955), petitioners further ask this Court to release on their own recognizance during the pendency of further proceedings, those confined in the Baltimore City Jail as the result of curfew violations. In that case, the district court, after hearing testimony concerning the physical condition of a state prisoner seeking federal habeas corpus relief, had admitted such petitioner to bail pending further disposition of his case, conditioned on his going to and remaining in a private hospital. The Third Circuit Court of Appeals denied a petition for writs of prohibition and mandamus directed to the district judge.

In the *Johnston* case, the prisoner was admitted to bail pending a hearing on the merits of his petition. It is doubtful that a district court would have such authority in a case such as the instant one in which the petition is being dismissed because of non-exhaustion. In any event, the *Johnston* case merely held

**2.** At a conference in Chambers on the day that this petition was filed, it was suggested that petitioners make a request to Chief Judge Foster that their habeas corpus petition filed in the state court be treated as a post-conviction proceeding so that an application might promptly be

made to the Court of Special Appeals of Maryland for leave to appeal from the lower court's denial of relief. At the hearing in this Court, petitioners' counsel stated that they were not willing to make such request.

that a district court within its discretion might admit a habeas corpus petitioner to bail and that the district judge under the circumstances of that case properly exercised his discretion.

■ Here petitioners Mitchell, Baldwin and Peay received 60-day sentences for curfew violations occurring during civil disorders which disrupted City life for some four days and resulted in property damage aggregating millions of dollars. The manner in which the trials of curfew violators were conducted during such period has been commended.[3] Petitioners' claims that their constitutional rights have been infringed were presented to and denied by Chief Judge Foster in the Baltimore City Court. Under these circumstances and having due regard for the delicate matter of comity which is presented when a federal court undertakes to admit to bail one charged under state process, United States ex rel. Brown v. Fogel, 395 F.2d 291 (4th Cir. 1968), this Court will not in any event exercise its discretion and admit to bail petitioners Mitchell, Baldwin and Peay during the pendency of any further proceedings that they may bring in this or a state Court.

For the reasons stated, it is, therefore, this 16th day of May, 1968,

Ordered:

1. That leave to file in forma pauperis is hereby granted as to petitioners Mitchell, Baldwin and Peay; and

2. That the petition for a writ of habeas corpus be and it is hereby denied without prejudice to the petitioners' right to file for further relief in this Court if they are finally denied relief in the state courts.

3. In the Maryland State Bar Association News Letter dated May 1, 1968, Rignal W. Baldwin, President of the Association, said the following:

"At the request of President Mindel and President-Elect Somerville, of The Bar Association of Baltimore City, over 100 lawyers, practically all members of this Association, turned out on overnight notice to represent indigent defendants in all of the Baltimore Municipal Courts hearing riot, looting and curfew charges on April 8, and in both the Municipal and Criminal Courts on the

9th and 10th. Their performance was uniformly highly competent, according to my own observation as well as all I have heard from the Judiciary. Numerous accused persons were acquitted where the attorneys demonstrated that proof did not meet required legal standards. Many lawyers served from 9:00 A.M. to 9:00 P.M. on Monday. The prosecutors, including volunteers from the Counties, the police and especially the Judges, are to be highly commended for their fair and conscientious handling of these cases."