**John Alfred ADDERLY et al., Petitioners,**

v.

**Louie L. WAINWRIGHT, Director, Division of Corrections, State of Florida, Respondent.**

No. 67–298–Civ.–J.

United States District Court
M. D. Florida,
Jacksonville Division.

Nov. 29, 1968.

See also D.C., 272 F.Supp. 530.

Varon, Stahl & Perlin, Fort Lauderdale, Fla., James M. Russ, Orlando, Fla., Tobias Simon, Miami, Fla., Maurice Rosen, Alfred J. Hopkins, North Miami Beach, Fla., American Civil Liberties Union of Florida, Jack Greenberg, James M. Nabrit, III, Michael Meltsner, Norman C. Maker, Jack Himmelstein, N.A.A.C.P. Legal Defense Fund, New York City, Anthony G. Amsterdam, Philadelphia, Pa., for petitioners.

Earl Faircloth, Atty. Gen., State of Florida, Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, Fla., David U. Tumin, Jacksonville, Fla., for respondent.

## ORDER TO SHOW CAUSE

WILLIAM A. McRAE, Jr., District Judge.

Pursuant to order of this Court, a hearing was held on June 19, 1968, to determine the propriety of a joint or class action and to consider Respondent's Motion to Dismiss.

■ The appropriateness of the class action device in a habeas corpus proceeding is governed by Rule 23 itself, and it appears that the prerequisites to a class action are satisifed in the instant case. Fed.R.Civ.P. 23(a). The class of condemned prisoners is so numerous that joinder of all members is impracticable. Fed.R.Civ.P. 23(a) (1). Not only are there in excess of fifty prisoners in the class sought to be represented, but the size of the class is unstable in that it is subject constantly to fluctuations in size. Such fluctuations can be ascribed both to the addition of new prisoners to the group presently on death row and to the withdrawal of prisoners from the class by pardon, executive commutation, or the withdrawal of counsel for a prisoner currently represented by counsel individually.

Furthermore, the common attacks on the Florida death penalty and Florida practice in capital cases provide questions of law or fact common to the class, and which are typical of the claims of the class. Fed.R.Civ.P. 23(a) (2), (3). It also appears that the coincidence of the interests of the representatives and other members of the class will insure that the interests of the class will be adequately and fairly protected by the representative parties as required by Rule 23(a) (4).

An action may be maintained as a class action only if the foregoing requirements are met, and in addition, *inter alia,*

the court finds that the questions of law or fact common to the members of the class predominate over any questions affecting only individual mem-

bers, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy. Fed.R.Civ.P. 23(b) (3).

The predominance of such questions as the validity of the Florida death penalty, the exclusion of jurors for cause, and other alleged Florida practices complained of is clear in the instant case. Moreover, the class action device is "superior" to other methods for the "fair and efficient adjudication" of the claims. It eliminates burdensome duplication in what would be essentially identical individual petitions. It eliminates the problem of appointment of attorneys to serve without fee for more than fifty prisoners. It would avoid the risk of prejudice to "functionally illiterate" prisoners which might result from requiring each to correspond and deal with an individual attorney, as many prisoners, as well as individual counsel, might find such correspondence difficult and confusing.

It therefore appears that the requirements of Rule 23 are satisfied for purposes of this case.

█ Respondent has raised the overriding question, however, regarding the applicability in general of Rule 23 to proceedings in habeas corpus, under Rule 81(a) (2). Respondent has directed the attention of this Court to the case of Hill v. Nelson, 272 F.Supp. 790 (N.D.Cal.1967), for the proposition that a class action is not applicable in habeas corpus. Respondent misreads *Hill*, wherein it was specifically stated by Peckham, J., that the court could not say

that a class action for a writ of habeas corpus could never under any circumstances be maintained but determine at this time that because of the procedural problems inherent in this proceeding, use of such a class suit does not appear the most practicable vehicle to determine the issues presented. *Id.* at 794.

The *Hill* court, therefore, reached its decision on the basis of practicability, not from a doctrinaire rejection of the civil rules in habeas corpus which Respondent contends for in the instant case. Moreover, the Fifth Circuit has indicated that there is no doctrinal objection to the applicability of the civil rules in habeas corpus. The Court stated in United States ex rel. Seals v. Wiman, 304 F. 2d 53 (5th Cir. 1962), that " '[h]abeas corpus is a civil proceeding governed by the Federal Rules of Civil Procedure * * *.' " *Id.* at 64.

It is, therefore,

Ordered:

1. Petitioners are allowed to proceed as a class in accordance with Rule 23, Fed.R.Civ.P.

2. Ruling on Respondent's motion to dismiss and/or to strike and Petitioner's motion for partial summary judgment is deferred pending further order of this Court.

3. Respondent, Louie L. Wainwright, is given up to and including December 30, 1968, within which to show cause why the Writ should not issue.

4. Upon receipt and consideration of Respondent's return, this Court will determine whether a further hearing is necessary or whether the Petition can be disposed of without a hearing.