Lawrence Glenn MODESTO, Petitioner,

v.

Louis S. NELSON, Warden, Respondent.

No. 47770.

United States District Court
N. D. California.

Feb. 20, 1969.

Russell E. Parsons, Los Angeles, Cal., Jerome B. Falk, Jr., San Francisco, Cal., for petitioner.

Thomas C. Lynch, Atty. Gen., of the State of California, Edward P. O'Brien, George R. Nock, Deputy Attys. Gen., San Francisco, Cal., for respondent.

## ORDER STAYING EXECUTION

ZIRPOLI, District Judge.

The court has before it an application for a stay of execution filed on behalf of a prisoner at San Quentin State Prison. Execution by the administration of lethal gas is scheduled for March 5, 1969.

In his petition for a writ of habeas corpus petitioner alleges, inter alia, deprivations of constitutionally protected rights in that (1) he was sentenced to death upon a jury determination ungoverned and unguided by any legal standards, in violation of the Fourteenth Amendment to the United States Constitution; (2) the imposition of the death penalty in petitioner's case would inflict a cruel and unusual punishment in violation of the Eighth and Fourteenth Amendments to the United States Constitution; and (3) the jury that recommended or imposed the sentence of death

was chosen by excluding prospective jurors for cause because they voiced conscientious objections to the death penalty.

■ The merits of petitioner's third claim, 3 above, which appears to come within the purview of Witherspoon v. Illinois, 391 U.S. 510, 88 S.Ct. 1770, 20 L.Ed.2d 776 (1968), and In re Anderson, 69 A.C. 638, 73 Cal.Rptr. 21, 447 P. 2d 117 (1968), and as to which the petitioner admittedly has not exhausted his available state remedies, need not be and may not be reached by this court until available state remedies have been exhausted. Hence while this court is precluded from now resolving this third claim, it may and it does retain jurisdiction over this claim pending determination thereof by the court of California. Thomas v. Teets, 205 F.2d 236 (9 Cir. 1953); Duffy v. Wells, 201 F.2d 503 (9 Cir. 1952); Brent v. White, 398 F.2d 503 (5 Cir. 1968); Whitney v. Wainwright, 339 F.2d 275 (5 Cir. 1964); Crawford v. Bailey, 234 F.Supp. 700 (E.D.N.C.1964); Ralph v. Pepersack, 203 F.Supp. 752 (D.Md.1962); United States ex rel. La Marea v. Denno, 159 F.Supp. 486 (S.D.N.Y.1958). See also Hill v. Nelson, 272 F.Supp. 790 (N.D. Cal.1967) and Nelson v. Peckham, No. 21,929, 9 Cir. July 19, 1967. While the above cited authorities further establish that a district court may issue a stay of execution to preserve the life of the petitioner pending exhaustion of his existing state remedies, the court in staying execution in this case, and as provided in this order, does so for an even more formidable reason, namely, to enable it to "dispose of the matter as law and justice require," 28 U.S.C. § 2243 and render at a more appropriate time its inevitable judgment on the federal issues involved in claims 1 and 2 above.

These claims were presented to and rejected by the Supreme Court of California in In re Anderson, *supra*, and therefore with respect to these claims petitioner's state remedies are effectively exhausted within the meaning of 28 U.S.C. § 2254(b). *E. g.*, Evans v. Cunningham, 335 F.2d 491 (4th Cir. 1964). *Cf.*, Hill v. Nelson, *supra* 272 F.Supp. at 797. They present substantial federal questions, as evidenced by the narrow division of the Supreme Court of California in In re Anderson, *supra*, and the grant of certiorari by the United States Supreme Court in two cases presenting these questions with argument set for March 3, 1969. Boykin v. Alabama, O.T. 1968, 393 U.S. 931, 89 S.Ct. 304, 21 L. Ed.2d 304; Maxwell v. Bishop, 393 U.S. 997, 89 S.Ct. 488, 21 L.Ed.2d 462 (Dec. 16, 1968). Furthermore, Mr. Justice Douglas, as Circuit Justice for this Circuit, has recently granted a stay of execution in a case presenting issues 1 and 2 above, pending the filing of a petition for certiorari. Talbot v. California, unreported order dated February 4, 1969.

Unless petitioner's execution is stayed, he may be put to death before the Supreme Court of the United States reaches a decision in *Boykin* and *Maxwell* cases and before the stamp of finality has been placed on these issues raised in Talbot v. California, *supra*. In this regard, the court is mindful that any decision favorable to the petitioners in these causes is likely to be made retroactive by that Court. Compare Witherspoon v. Illinois, *supra*, 391 U.S. 523 n. 22, 88 S. Ct. 1770, 20 L.Ed.2d 776; Roberts v. Russell, 392 U.S. 293, 88 S.Ct. 1921, 20 L.Ed.2d 1100 (1968); McConnell v. Rhay, 393 U.S. 2, 89 S.Ct. 32, 21 L.Ed.2d 2 (1968); Arsenault v. Massachusetts, 393 U.S. 5, 89 S.Ct. 35, 21 L.Ed.2d 5 (1968).

■ Under these circumstances and in line with a prior decision of this court, Hill v. Nelson, *supra*, it would be inappropriate for this court to proceed to decide the merits of these questions until the Supreme Court of the United States has acted, and the court, in the exercise of its discretion, declines to do so.

■ Further, this court as the voice of justice in an orderly and humane society, concludes that there would be a

miscarriage of justice if the irremediable act of execution is taken before the Supreme Court has decided the very same constitutional claims now made by petitioner and others similarly situated and for whose benefit any retroactive ruling of the Supreme Court would be clearly intended.

Now, therefore,

It is ordered that the execution and enforcement of the sentence of death imposed upon the petitioner be, and the same is hereby, stayed pending the disposition of the petition for writ of habeas corpus on file herein (which petition has by previous order of this court been consolidated for decision with Hill v. Nelson, D.C., 271 F.Supp. 439), or until further order of this court.