**Noah Carl McNAIR, Appellant,**

**v.**

**G. R. McCUNE, Warden, Federal Reformatory, Petersburg, Virginia, Appellee.**

**No. 74–1471.**

United States Court of Appeals, Fourth Circuit.

Argued June 10, 1975.

Decided Oct. 20, 1975.

Kenneth M. Suggs, Columbia, S.C. [third-year law student], Randall T. Bell, Columbia, S.C. [court-appointed counsel], (Katherine W. Hill, on brief), for appellant.

Michael A. Rhine, Asst. U. S. Atty. (William B. Cummings, U. S. Atty., on brief), for appellee.

Before HAYNSWORTH, Chief Judge, and WINTER and CRAVEN, Circuit, Judges.

PER CURIAM:

On February 13, 1974, petitioner McNair's complaint and petition to proceed in forma pauperis was notarized at the Petersburg Reformatory. On March 20, 1974, the district judge wrote to the warden at Petersburg requesting information concerning petitioner's allegations. The warden responded by letter of March 26. On April 4, 1974, the district judge entered an order permitting petitioner's complaint to be filed and, sua sponte, dismissing it "because on its face the complaint does not show constitutional deprivation over which this court had jurisdiction, . . . ." We reverse and remand for further proceedings.

■ Because the facts have not been ascertained, we are compelled to assume the truth of the complaint, and because it was prepared pro se, to construe it liberally. So read, it is a sufficient statement of federal jurisdiction in habeas corpus to redress punitive segregation imposed without a hearing for the relatively innocuous offense of "wearing the wrong kind of clothing." Moreover, there is an allegation that the petitioner is being denied "legal effects," which may or may not mean necessary materials to obtain access to the courts.

■ We hold there is federal habeas corpus jurisdiction over the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause. 28 U.S.C. § 2241(c)(1). *See Johnson v. Avery,* 393 U.S. 483, 89 S.Ct. 747, 21 L.Ed.2d 718 (1969); *Wilwording v. Swenson,* 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418 (1971); *Williams v. Richardson,* 481 F.2d 358, 360 (8th Cir. 1973); *Mead v. Parker,* 464 F.2d 1108, 1111 (9th Cir. 1972). On remand the district court will reinstate the complaint, issue an order directing the respondent to show cause why the writ should not be granted, and proceed to summarily hear and determine the facts. 28 U.S.C. § 2243. In his discretion, the district judge may direct the taking of evidence by affidavit; but if affidavits are admitted from the respondent, the prisoner must be accorded the right to propound written interrogatories or to file answering affidavits. 28 U.S.C. § 2251.

■ As to procedural due process, the court should determine whether the warden was under an obligation to comply with Bureau of Prisons Policy Statement 7400.6a issued August 13, 1971. That policy statement required an investigation of charges and written notification to the inmate within 24 hours of placement in segregation. Because the incident complained of occurred in February 1974, the requirements of *Wolff v. McDonnell,* 418 U.S. 539, 571 n. 19, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974), are not applicable.

*Reversed and remanded.*