946 F.2d 888
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Aurelio VARELA, Petitioner-Appellant,
v.
Patrick WHALEN, Respondent-Appellee.
Aurelio VARELA, Petitioner-Appellant,
v.
Patrick WHALEN, Respondent-Appellee.
 Nos. 90-6195, 91-6013.
 United States Court of Appeals, Fourth Circuit.
 Submitted Aug. 7, 1991.
Decided Oct. 23, 1991.
 
 Appeals from the United States District Court for the Eastern District of Virginia, at Norfolk. Robert G. Doumar, District Judge. (CA-90-1672-N)
 Aurelio Varela, appellant pro se.
 E.D.Va.
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.
 Before WIDENER, MURNAGHAN and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Aurelio Varela appeals the district court's dismissal of his 28 U.S.C. § 2241 petition as outside the scope of the writ of habeas corpus. For the reasons stated, we affirm in part, vacate in part, and remand for further proceedings.
 
 
 2
 Varela's § 2241 petition alleged the following three claims:
 
 
 3
 1. that he was arbitrarily charged with and convicted of fighting when he was, in fact, simply defending himself from attack;
 
 
 4
 2. that he was arbitrarily convicted of being outside his assigned space despite having permission to go outside that space and was placed in segregation where he was subjected to harsh conditions of confinement;
 
 
 5
 3. that his parole date was rescinded with inadequate notice and after he had waived an interim hearing.
 
 
 6
 Although we express no opinion on the merits of these claims, we find that, for the most part, they state sufficient habeas claims to survive summary dismissal.
 
 
 7
 Federal habeas corpus jurisdiction exists under 28 U.S.C. § 2241(c)(1) to review "the complaint of a federal prisoner who is challenging not the validity of his original conviction, but the imposition of segregated confinement without elementary procedural due process and without just cause." McNair v. McCune, 527 F.2d 874, 875 (4th Cir.1975).
 
 
 8
 Varela's first two claims, alleging that he was convicted of disciplinary infractions without just cause and placed in segregation, raise a McNair issue. Although Varela is no longer in segregated confinement, so that release from segregation is not an appropriate remedy, he does allege that these convictions are adversely affecting his release on parole, and in fact resulted in rescission of his parole release date. This allegation is sufficient to invoke jurisdiction under § 2241. See Spina v. Aaron, 821 F.2d 1126 (5th Cir.1987). To the extent, however, that Varela seeks to claim that the conditions on segregation were cruel and unusual, we find that his allegations are not of constitutional dimension.
 
 
 9
 Section 2241 also provides the proper vehicle to challenge federal Parole Commission action. See Chatman-Bey v. Thornburgh, 864 F.2d 804 (D.C.Cir.1988) (en banc). A federal court may review Parole Commission action for failure to comply with pertinent constitutional, statutory, or regulatory provisions. Garcia v. Neagle, 660 F.2d 983, 988 (4th Cir.1981), cert. denied, 454 U.S. 1153 (1982).
 
 
 10
 Varela's third claim alleges that the Commission did not give him the notice required by 28 C.F.R. § 2.14(a)(2)(iii) before considering the disciplinary convictions as a basis for rescinding his parole date. Because the present record is insufficient to resolve Varela's claim that the Commission did not comply with its notice requirements, we must remand this aspect of the claim to the district court for further consideration.
 
 
 11
 Varela's third claim also alleges that the Commission should have permitted him to waive the interim hearing at which the rescission decision was made. Although 18 U.S.C. § 4208(a) permits a prisoner to waive a hearing, the provision does not entitle a prisoner to evade rescission of his parole date. This portion of his claim is without merit.
 
 
 12
 In sum, we vacate the dismissal of Varela's unjust disciplinary conviction claims and his claim that he received inadequate notice prior to rescission of his parole date, and remand those claims for further consideration. The judgment of dismissal is otherwise affirmed. We dispense with oral argument because the facts and legal contentions are adequately developed in the materials before the court and argument would not aid the decisional process.
 
 
 13
 AFFIRMED IN PART, VACATED IN PART, AND REMANDED.